**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Terry Lee WOOD, Defendant-Appellant.**

**No. 77–2587.**

United States Court of Appeals, Ninth Circuit.

Dec. 30, 1977.

Rehearing Denied Jan. 30, 1978.

Before HUFSTEDLER, SNEED, and KENNEDY, Circuit Judges.

PER CURIAM:

The sole issue on appeal is Wood's claim that the district court erred in excluding evidence offered in support of Wood's defense that his carrying a knife within the prison was the product of coercion.

The elements of the defense are set forth in *United States v. Gordon,* 526 F.2d 406, 407 (9th Cir. 1975): "For a defendant to successfully urge duress as a defense, he must show that the threat and the fear which the threat caused were immediate and involved death or serious bodily injury. He must also show that the fear was well-grounded and that there was no reasonable opportunity to escape."

Wood offered to prove that on December 11, 1976, a fight broke out in the TV room at the Federal Correctional Institution in Lompoc. Wood was then present in the TV room. On December 12, 1976, groups of blacks were milling about the institution yard, and one black inmate told Wood "the fight was not over." Later that afternoon, while Wood was napping in his cell, a group of four blacks came to the cell. While one of the four remained in the corridor, the others threatened to beat and to sexually attack Wood, and two of the men appeared to reach into their coats, causing Wood to believe that they were armed. At no time did appellant see any of the four with a weapon. Wood yelled for help and a friend came to his rescue by throwing a knife to him in his cell. The group of four blacks then left saying that they would return. Wood left the knife in his cell on December

12 and went about the institution unarmed. On December 13, 1976, one or two of his friends were put into the "hole." On the same day, it appeared to Wood that the same group of blacks were following and watching him. On December 14, 1976, the situation was unchanged, but Wood took the knife from his cell and carried it on his person. Wood neither sought administrative detention nor transfer to another institution as a means of escape because he believed it would not protect him from the danger that he feared.

From the offer of proof, the evidence, if credited by the jury, would have been adequate to show the elements of a well-grounded fear on Wood's part that he might be subjected to serious bodily injury or death if he were unable to defend himself. The Government is correct, however, in its argument that the offer of proof was insufficient as a matter of law to prove, *prima facie*, that Wood had no reasonable opportunity to escape. The escape envisioned by *Gordon* is necessarily linked with the immediacy of the threat. Assuming the truth of every bit of the proffered evidence, transfer out of the prison or into protective custody within the prison would have dispelled any immediacy of an anticipated attack. We observe that if the immediacy element were removed, Wood's defense would have the effect of giving an inmate like Wood a license to carry a knife within the prison.

Our holding is fully consistent with our most recent authority on this point wherein we emphasize that duress is a permitted defense only when a criminal act was committed because there was no other opportunity to avoid the threatened danger. (*United States v. Michelson*, 559 F.2d 567, 569 (9th Cir. 1977).)

AFFIRMED.