**Greg Allen IVEY, Plaintiff,**

v.

**George WILSON, et al., Defendants.**

**Civ. A. No. C 82–0291 L(A).**

United States District Court, W.D. Kentucky, Louisville Division.

Sept. 16, 1983.

Greg Allen Ivey, pro se.

Barbara W. Jones, Linda G. Cooper and David Sexton, Corrections Cabinet, Frankfort, Ky., for defendants.

## MEMORANDUM OPINION AND ORDER

ALLEN, Chief Judge.

Greg Allen Ivey, an inmate at the Kentucky State Penitentiary, brings this *pro se* action against the Warden of the Kentucky State Reformatory, individual members of the Reformatory's Adjustment Committee, individual members of the Corrections Staff at the Reformatory, and members of the Kentucky Corrections Department. Jurisdiction is based upon 42 U.S.C. Sec. 1983.

Ivey alleges that the defendants violated his constitutional rights during an investigation and hearing that resulted from a fight at the Reformatory on March 4, 1982. As a result of the fight, the Adjustment Committee penalized Ivey by sentencing him to 90 days in segregation, loss of two years' "good time," nonrestorable, and transfer to the Kentucky State Penitentiary. Ivey contends that 1) the incident report filed by the responding officer was constitutionally deficient, 2) the investigation conducted by the prison authorities was insufficient to meet due process requirements, 3) the report of the adjustment committee did not meet due process requirements, 4) the committee failed to furnish him with copies of information to be used against him more than 24 hours in advance of the hearing, and 5) his punishment represented "cruel and unusual" punishment because he received a much more severe punishment than the other parties involved in the incident. Ivey seeks damages from the individual defendants, expungement of his record, and the restoration of lost "good time." The case is before the Court on Ivey's motion for summary judgment. Federal Rules of Civil Procedure 65(c).

This Court has previously denied defendant's motion for summary judgment because the Court found that the Adjustment Committee report clearly was constitutionally deficient. See *Ivey v. Wilson*, No. C 82–0291L(A) (November 3, 1982). E.g. *Wolff v. McDonnell*, 418 U.S. 539, 564–66, 94 S.Ct. 2963, 2978–79, 41 L.Ed.2d 935 (1974); *Chavis v. Rowe*, 643 F.2d 1281 (7th Cir.1981). After due consideration, this Court finds that there were flaws in the adjustment process. However this Court cannot grant the relief requested by Ivey. Therefore, this Court grants the motion for summary judgment in part and remands the case to the prison officials for a due process hearing consistent with this opinion. *Perry v. Sindermann*, 408 U.S. 593, 603, 92 S.Ct. 2694, 2700, 33 L.Ed.2d 570 (1972). The Court now turns to Ivey's complaints individually.

Ivey first contends that the report filed by the officer who "arrested" Ivey was deficient because the report contained a statement by the officer which was an inference, not an observed fact. According to the Bureau of Corrections rules, the "incident report" is to contain only "the facts the reporting employee has personally witnessed and otherwise verified, including a statement of how such verifications (sic) has been made."

On March 4, 1982, Officer Burgin found Ivey and another inmate, R. Spear-

man, fighting. Burgin noted that Spearman had two large gashes in his head "apparently caused by one or more blows from a ball peen hammer that Ivey had recently checked out of the tool room" Ivey contends that the "cause" of the wounds is an inference by Burgin and that Burgin did not explain how he knew that Ivey had recently checked out a hammer from the tool room. Ivey stated during his adjustment hearing that 1) he struck Spearman (in self-defense) and 2) he was in possession of the hammer as part of his work assignment. Thus, there is no difference between the facts as stated by Ivey and the report filed by Officer Burgin. However, at the second hearing, the Committee should consider correcting the report. This Court will require prison regulations to be followed unless the case involves "serious incidents" in which disclosure of sources would compromise prison security or personal safety of another inmate.

■ Ivey contends that the report does not state that he had the hammer "in his possession." This Court finds this objection irrelevant since Ivey not only stated in the hearing that he struck Spearman (alleging self-defense), but never contended before the Committee that he *did not* have the hammer in his possession.

■ Finally, Ivey alleges that Officer Burgin deliberately included the statement "recently checked out of the tool room" because Ivey "supposes" Burgin wanted "to suggest that he (Ivey) deliberately obtained a weapon with which to assault Spearman." However, Ivey has alleged no factual basis for this allegation and the Court finds the allegation to be spurious.

Ivey's next contention is that Captain Searcy did not fulfill his duty to investigate the incident completely. Allegedly, Captain Searcy interviewed only Ivey. Defendants admit that "(t)he investigation was somewhat limited ..." and point to Ivey's own admission that "(e)veryone involved other than (Ivey) was black and ... any witnesses of that race ... would be hostile." Ivey cannot have the argument both ways. He cannot justify his own failure to

call witnesses on the grounds that they would be prejudiced against him and then criticize the prison officers for not calling those same people as witnesses or taking their statements during an investigation.

■ Ivey also contends that his statement to Captain Searcy about the "gang situation" should have placed Searcy on notice that a thorough investigation was needed. Ivey does not suggest that there were neutral witnesses. Rather Ivey contends that Searcy should have "interview(ed) the entire dormitory" because "he would surely have discovered impartial inmates" who would testify in his behalf. While this Court does not find that Captain Searcy was obligated to interview the "entire" dormitory, Ivey was entitled to a good faith attempt to investigate and a statement of the reasons why a complete investigation was not possible.

This Court recognizes the difficult reality faced by prison officials in investigating incidents in a prison environment. However, Ivey was charged with a substantial offense resulting in a substantial penalty. Ivey was entitled to a statement from Searcy that he had investigated and found that all the witnesses were friends of the other combatant. In passing, this Court notes that Ivey's statement to Searcy ("7 or 8 blacks jumped him during the fight") was not as complete as his statement during the Committee hearing or the version in the complaint. Ivey himself was under a duty to cooperate fully with the investigation and cannot complain if his failure to cooperate hindered the investigation.

■ This Court has already dealt with Ivey's third complaint, the inadequate Committee report. Under *Wolff, supra,* Ivey is entitled to a " 'written statement by the factfinders as to the evidence relied on and the reason'." for the disciplinary action. 418 U.S. at p. 564. See *Chavis, supra,* 683 F.2d at pp. 1286–87. In this case, the Committee was required to set out a short statement as to what were the facts, whose evidence was credible, etc. This statement may, indeed, be brief, and need not reach

the length or complexity of a judicial "Findings of Fact and Conclusions of Law." However, the one sentence statement of the Adjustment Committee in this case is unacceptable.

Ivey's fourth complaint deals with the requirement that all evidence presented against the defendant (Ivey) be given to Ivey 24 hours in advance of the hearing. *Wolff,* 418 U.S. at p. 564, 94 S.Ct. at p. 2978. Ivey contends that there was insufficient evidence introduced at the Committee meeting upon which the Committee could have found him guilty of the offense involved. Therefore, argues Ivey, the Committee must have relied upon "other" evidence, presumably statements by Spearman and another unnamed third participant who was involved in the incident. This Court finds no justification for that charge.

As the defendants note, the Committee considered Officer Burgin's report, Captain Searcy's report, and Ivey's statement. There is no indication that any other evidence was considered. However, *Chavis, supra,* indicates that Ivey be informed of any statements made by Spearman or the other inmate involved in the incident if the Committee considered those statements or if there was exculpatory evidence in the statements. As *Wolff, supra,* notes, Ivey is not entitled to confrontation or cross-examination of those individuals. 418 U.S. at pp. 567–68, 94 S.Ct. at pp. 2980–81. Ivey is entitled to produce hospital records as to his injuries in the fight, as those injuries may sustain his claim of self-defense. The Committee may also view a report of Spearman's injuries. Ivey's statement at the first hearing is also admissible, and the Adjustment Committee may take notice of any inconsistency between his statements at time of the hearing and now.

Finally, Ivey contends that he received "cruel and unusual" punishment because he received a more severe sentence than the other participants in the incident. This Court cannot reach that issue because of the Adjustment Committee's failure to provide an adequate statement of the reasons for Ivey's punishment. This Court

agrees with *Wolff's* admonition that courts should avoid interference in the ordinary operation of a prison. 418 U.S. at p. 566, 94 S.Ct. at p. 2979. However, this Court believes that basic fairness requires that prison officials state reasons for differing penalties where several prisoners are involved in the same offense. That is one reason for requiring a full statement of reasons for the penalty. With such a statement, a reviewing court, such as this Court, can determine why Ivey received 90 days in segregation and the loss of two years "good time," non-restorable, while Spearman and the third inmate received penalties apparently ranging from 7 to 15 days in segregation and loss of 30 days "good time," restorable. This is not to say that different sentences could not be justified. This Court will afford prison officials wide discretion in their enforcement of prison discipline. However, under *Wolff, supra,* this Court will require a statement of reasons for differing sentences when the sentences are so widely disparate.

In summary, Ivey is entitled to a due process hearing with the appropriate safeguards listed above. The Court realizes that almost one (1) year has passed since the incident. Memories are dulled and some witnesses may have been transferred. However, many of the errors alleged by Ivey may still be corrected by the prison officials, especially the lack of a statement of reasons. This Court specifically reserves any opinion as to the sufficiency of the evidence or as to Ivey's claim of self-defense. This Court's primary problem with this case is the grossly disproportionate sentence without an accompanying statement of reasons.

This Court is remanding the case for two reasons. First, the proper procedure when the Court finds a lack of a due process hearing is to order a due process hearing. *Perry v. Sindermann, supra,* 408 U.S. at p. 603, 92 S.Ct. at p. 2700. Second, this Court cannot grant injunctive relief ordering restoration of "good time" under 42 U.S.C.Sec. 1983. This Court can only take that step in a habeas corpus case. 42 U.S.

C.Sec. 2254. *Wolff v. McDonnell, supra,* 418 U.S. at p. 544, 94 S.Ct. at p. 2969; *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973). Thus, Ivey must exhaust any state remedies before filing such a suit in this Court.

If, after a second hearing, Ivey wishes to attack any nonrestorable loss of "good time," he must file suit in state circuit court under KRS 419.020, Kentucky habeas corpus statute, alleging a violation of KRS 197.045 (good time provisions) and pursue his state appellate remedies under KRS 419.130.

After the Adjustment Committee hearing, the prison officials may award Ivey such penalty as is justified by the evidence, crediting him with time already served. At that time, Ivey may pursue his claim for damages, if any, in this Court and, at the same time, file an action in state court for restoration of his "good time" if the Adjustment Committee reaches the same decision. Both actions may proceed at the same time. *Wolff, supra,* 418 U.S. at p. 554, 94 S.Ct. at p. 2973. Therefore,

IT IS ORDERED that the motion of the plaintiff Greg Allen Ivey for summary judgment be and it is hereby sustained, and the defendants, George Wilson, et al, are to expunge Ivey's prison record of the events of March 4, 1982, and to grant Ivey a new Adjustment Committee hearing on the incident. The case is remanded to the prison authorities to hold the hearing consistent with the provisions of this opinion.

This is not a final and appealable order.