793 F.2d 1294
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LESTER WARD, Plaintiff-Appellant,
v.
LT. ROSALIND RUSSELL, et al. Defendants-Appellees.
 84-5577
 United States Court of Appeals, Sixth Circuit.
 5/7/86
 
 VACATED AND REMANDED
 W.D.Ky.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY
 Before: RYAN, Circuit Judge, and CELEBREZZE and BROWN, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Lester Ward, then an inmate at the Kentucky State Reformatory, filed a pro se complaint in the district court on February 21, 1984, under 42 U.S.C. Sec. 1983, alleging that the prison Adjustment Committee (the Committee) denied him due process by finding him guilty of violating a prison rule prohibiting the possession of dangerous contraband. The district court granted summary judgment in favor of defendants. On appeal, Ward contends that the Incident Report filed by the Committee fails to satisfy the constitutional requirement that there would be a written statement by the factfinder as to the evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 564 (1974).[1]
 
 
 2
 On June 10, 1982, Ward was 'written up' for allegedly violating a prison rule prohibiting the possession of dangerous contraband on prison grounds. The incident, which took place in the prison auto body shop, was observed by a prison guard who stated, on the Incident Report, that he saw Ward holding a car jack, facing another inmate holding a long sharpened rod. At a hearing before the Committee on June 14, 1982, Ward testified that he had grabbed the car jack to defend himself against an attack by the other inmate. Four inmates were called as witnesses at the hearing, one of whom supported Ward's claim of self-defense.
 
 
 3
 The Committee reported its findings, actions, and reasons therefor on the incident report as follows:
 
 
 4
 ADJUSTMENT COMMITTEE FINDINGS AND ACTIONS: Resident denies the charge and stated that they had argued and that Grider $84584 pulled a shank, attempted to stab him and that he was only defending himself. Committee finds him guilty and recommends that he take a loss of 180 days good time; 50 days Seg. in 6/10/82 out 8/20/82; refer to K.S. Police and recommend transfer to K.S. Penitentiar [sic]. Witness: Arthur #77090 stated that Ward was trying to defend himself from Grider. Wilson #83239 stated that he knew nothing about the fight. Rodgers #82892 stated he only saw Grider with a knife and Ward with a bumper jack. Basham #83536 stated he did not see the fight, but saw Ward with a bumper jack and Grider with a wapon [sic] after the fight.
 
 
 5
 Reason for Findings and any Punishment: Committee findings and recommendations are contaiend [sic] in the write up.
 
 
 6
 The Incident Report further states that Ward's appeal to the superintendent of the reformatory was 'denied based on available information.'
 
 
 7
 Ward filed this pro se action in the district court, seeking an expungement of his record, a declaratory judgment, and compensatory and punitive damages. On March 16, 1984, defendants moved for summary judgment; Ward did not respond to the motion. On June 5, 1984, the district court granted summary judgment in favor of defendants, stating:
 
 
 8
 While the Committee's report is far from a model of clarity, the report does provide the Court with the following information: (1) Ward and the other inmate were found with weapons in hand, (2) Ward asserted self-defense in his own behalf, (3) the Committee heard or saw statements from four (4) witnesses, Arthur, Wilson, Rodgers, and Basham, one of whom (Arthur) confirmed Ward's statement of self-defense. Regrettably, the Committee does not state why it disbelieved Ward's defense, especially since the inmates were in the Auto Body Shop at the time of the incident, and a tire jack would be a natural object to grab instinctively in self-defense. However, this Court cannot review the Committee's actual findings unless there is some gross error or procedural deprivation. In this case, we find no such error. Resolution of conflicting evidence is for the Adjustment Committee.
 
 
 9
 This appeal followed.
 
 I.
 
 10
 In Wolff, supra, the Supreme Court delineated certain procedural due process rights to which an inmate is constitutionally entitled when a prison disciplinary hearing may result in the loss of good time credits. As recently reiterated by the Court in Superintendent v. Hill, ---- U.S. ----, 105 S. Ct. 2768, 2773 (1985), these are:
 
 
 11
 (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.
 
 
 12
 Initially, we note that defendants do not contest that Ward had a protected liberty interest in good time credits. Therefore, we proceed directly to the question of whether Ward received the process to which he was constitutionally entitled under Wolff and Hill. See King v. Wells, 760 F.2d 89, 92 (6th Cir. 1985).
 
 
 13
 Ward's argument that he was denied due process focuses on the third Wolff requirement that there be 'a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.' Ward correctly notes that this requirement serves several purposes, including allowing for later administrative and judicial review, 'protect[ing] the inmate against collateral consequences based on a misunderstanding of the nature of the original proceeding,' and ensuring that prison administrators, faced with possible scrutiny by state officials, the public, and the courts, will act fairly. Wolff, 418 U.S. at 565.
 
 
 14
 Several courts have found disciplinary reports by prison officials constitutionally inadequate. In Hayes v. Walker (Hayes I), 555 F.2d 625 (7th Cir.), cert. denied 434 U.S. 959 (1977), the Court found inadequate a prison report stating that the Adjustment Committee's decision was 'based on the violation report as written and upon the report by the special investigator. . . .' Id. at 631, 633. See Hayes v. Thompson (Hayes II), 637 F.2d 483, 489 (7th Cir. 1980) (concluding again, after remand, that statement of reasons was constitutionally inadequate). See also Chavis v. Rowe, 643 F.2d 1281, 1287 (7th Cir.), cert. denied 454 U.S. 907 (1981) (committee report which stated it recognized and considered inmate's statement, but accepted the reporting officer's charges, found inadequate). In Redding v. Fairman, 717 F.2d 1105, 1115 (7th Cir. 1983), cert. denied, 465 U.S. 1025 (1984), the Court found sixteen Committee disciplinary reports inadequate under Wolff, noting that 'no reasons [were] given for discounting the inmates' contradictory evidence.' In Dyson v. Kocik, 689 F.2d 466, 468 (3d Cir. 1982), the Court found the following rationale so vague as to deny due process under Wolff: 'Inmate is guilty of misconduct as written [in reporting officer's statement].'
 
 
 15
 Ivey v. Wilson, 577 F. Supp. 169 (W.D. Ky. 1983), like this case, involved a Sec. 1983 action brought by an inmate at the Kentucky State Reformatory. The Court found the Committee's one-sentence statement in that case constitutionally inadequate under the requirement in Wolff, that 'the Committee was required to set out a short statement as to what were the facts, whose evidence was credible, etc.' Id. at 172.
 
 
 16
 We conclude that the Incident Report in this case wasconstitutionally defective under Wolff. Although it briefly summarizes the testimony presented at the disciplinary hearing, it fails to indicate which witnesses' testimony was credited. While the report states that the Committee's findings and recommendations are based on the information contained in the write-up, the write-up states only that the reporting officer observed Ward holding a car jack, facing the other inmate. As the district court noted, the Committee failed to state why it disbelieved Ward's version of the incident, corroborated by one witness, that Ward was acting in self-defense.
 
 
 17
 Defendants-appellees, however, contend that self-defense is not a defense to the charge of possessing dangerous contraband. At oral argument, counsel for appellees stated that dangerous contraband is defined in the prison rules as any article utilized to inflict injury, and argued that the car jack met that definition, even though it is a tool provided in the prison auto body shop, in which the altercation occurred. Appellees argue that even if Ward's claim of self-defense were credited, that would not exonerate him from having violated the rule prohibiting the possession of dangerous contraband. In support thereof, appellees cite United States v. Wood, 566 F.2d 1108 (9th Cir. 1977).
 
 
 18
 Wood does not support appellees' argument. The defendant in that case, an inmate at a federal prison, was convicted in district court of carrying a knife in prison. On appeal, the Ninth Circuit held that the district court did not err in excluding evidence of Wood's defense of duress because Wood could not establish an immediate threat involving death or serious bodily injury.
 
 
 19
 In this case, if Ward's claim of self-defense were believed, it is apparent that he faced an imminent danger of serious physical injury. Moreover, we fail to see how Ward could be found guilty of the charged offense if he had picked up the tire jack, an ordinary tool for use in an auto body shop, in order to protect himself from an imminent attack. An instrument being used to defend oneself is not necessarily one being used to inflict injury.
 
 
 20
 We hold that the Adjustment Committee's report fails to satisfy the requirement of Wolff that there be a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Therefore, we vacate the decision of the district court and remand to that court with directions to remand the matter to the Adjustment Committee to explicate its findings of fact and the rationale of its decision. On remand, the Committee should, at a minimum, indicate which witnesses' testimony was believed, delineate the facts leading to the conclusion that the tire jack was 'dangerous contraband,' and explain its apparent rejection of Ward's claim of self-defense.
 
 
 21
 In light of our disposition of this issue, we decline to address Ward's remaining contentions.
 
 
 
 [1]
 Ward also contends that the Committee's report violates the consent decree of Kenddrick v. Bland, 541 F. Supp. 21 (W.D. Ky. 1981), under which the Kentucky State Reformatory apparently operates. Because we find a constitutional violation, we do not reach this contention