798 F.2d 471
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald SARGENT, Plaintiff-Appellant,
v.
John SOWDERS and Mike Martin, Defendants-Appellees.
 No. 85-5146.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1986.
 
 Before MARTIN and GUY, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff appeals the summary judgment for defendants in this pro se civil rights action brought under 42 U.S.c. 51983. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff, a Kentucky prisoner, filed this action against the prison warden and a prison employee alleging that he received inadequate reasons for disciplinary action taken against him. The complaint alleged that plaintiff was charged with violating Corrections Policies and Procedures No. 15.2, Category IV, item 2, being under the influence of drugs or intoxicants. A hearing was held at which plaintiff was the only witness. The committee found plaintiff guilty of the charge and made the following findings:
 
 
 3
 Based on the above [incident] report and attached urinalysis test record the committee finds resident guilty of Cat. # 4 # 2 under the influence of drugs or intoxicants and recommends forfeiture of 30 days good time with a restriction of all privileges for 30 days and recommend he attend Human Improvement-Drug abuse class.
 
 
 4
 In the form section entitled "Reason for Findings and any Punishment," the committee stated:
 
 
 5
 Above [incident] report attached urinalysis test record. Committee recommends forfeiture of 30 days good time, restriction of all privileges for 30 days, and recommends he attend drug abuse class.
 
 
 6
 The incident report cited in these findings states:
 
 
 7
 On May 4, 1983, resident Donald Sargent 85147-L was administered an urinalysis test by myself Officer William Massey, which came back positive on May 12, 1983, therefore he will be written up.
 
 
 8
 Defendants filed an answer and a motion for summary judgment. The district court granted defendants' motion for summary judgment on the grounds that plaintiff had been afforded due process and the statement of reasons was adequate. We affirm.
 
 
 9
 Prisoners are entitled to due process protection in prison disciplinary proceedings that involve the loss of good time credit. Wolff v. McDonnell, 418 U.S. 539 (1974). Due process requires that the prisoner be given advance written notice of the charge, a statement by the factfinders of the evidence relied on and the reasons for the disciplinary action taken, and the right to call witnesses and present evidence in defense of the charge. Id. Plaintiff alleges only that he was given an inadequate statement of the evidence relied on and the reasons for the disciplinary action. This Court has recently held that a statement of reasons must include each item of evidence relied on by the hearing officer unless safety considerations dictate otherwise. Kin v. Wells, 760 F.2d 89 (6th Cir. 1985). The statement is inadequate if it merely refers to the misconduct report describing the charge. Id.; accord, Redding v. Fairman, 717 F.2d 1105 (7th Cir. 1983), cert. denied, 465 U.S. 1025 (1984), Chavis v. Rowe, 643 F.2d 1281 (7th Cir.), cert. denied, 454 U.S. 907 (1981).
 
 
 10
 The statement of reasons and statement of evidence relied on by the hearing officer in this case refers to the incident report and also to a urinalysis test that was attached to the report. Plaintiff was the only witness at the hearing and he testified that he was not guilty. Plaintiff argues that the statement of reasons was inadequate because it did not include findings concerning the accuracy of the urinalysis test and the chain of custody of the specimen. He also claims that Wolff v. McDonnell, supra, requires the statement of reasons to include an explicit finding of guilty, the essential factual findings and the evidence relied on, a summary of the exculpatory evidence, why this evidence was discounted, the sentence imposed and the criteria for imposing the sentence. Prisoners subject to disciplinary action are not entitled to the same procedures required for criminal prosecutions or revocation of parole or probation. Wolff v. McDonnell, supra. The requirement of a written statement of the evidence relied on and the reasons for the disciplinary action is intended to protect the inmate from possible collateral consequences of the disciplinary action and to ensure that the prison disciplinary committee acts fairly. Id. ; Re Fairman, supra. A mere reference to the incident report does not serve these purposes. See King v. Wells, supra. However, in this case the statement referred to the incident report and the urinalysis test as the basis for its decision, These were the only items of evidence relied on by the factfinders. The urinalysis test results would support a finding of drug use. See Harmon v. Auger, 768 F.2d 270 (8th Cir. 1985). The statement of reasons given was more than an uninformative reference to an incident report. The nature of the violation and the evidence supporting it are clear.
 
 
 11
 Plaintiff's claim that he is entitled to a statement of the reasons for the punishment imposed does not state a due process violation. Assuming that reasons should be given to explain the punishment when disparate punishments are imposed for similar conduct, see Ivey v. Wilson, 577 F.Supp. 169 (W.D. Ky. 1983), plaintiff did not point to any disparities between punishments or allege that his punishment was extreme. He merely argued in a general way that reasons should be given for punishments in all cases. Plaintiff's remaining claims are also without merit. The committee explicitly found plaintiff guilty of the charge and cited to the urinalysis report as a basis for the decision. No express statement discounting the exculpatory evidence is required; the guilty finding itself indicates that plaintiff's testimony was not credited. See King v. Wells, supra. Prison officials have broad discretion in disciplinary proceedings and courts are reluctant to interfere. See Baxter v. Palmigiano, 425 U.S. 308 (1976); Wolff v. McDonnell, supra. We find that the statement of evidence and reasons for the disciplinary action did not violate plaintiff's due process rights.
 
 
 12
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).