833 F.2d 1011
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leslie Leon BEECHAM, Plaintiff-Appellant, Cross-Appellee,
v.
George W. WILSON; John Rees; Lt. Allan; Tom Suter; L.
Sims; James Ethridge; and Rocky Carter,
Defendants-Appellees, Cross-Appellants.
 Nos. 85-5743, 85-5772.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1987.
 
 Before WELLFORD and RALPH B. GUY, JR., Circuit Judges and HARVEY, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This matter is before the court as a result of plaintiff Beecham's appeal and the defendant prison officials' cross-appeal. This case was initiated in the district court as a 42 U.S.C. Sec. 1983 pro se action by Beecham who is a prison inmate in Kentucky. The gravamen of the complaint was that Beecham had been denied due process by a prison adjustment committee in connection with a disciplinary proceeding brought against him.
 
 
 2
 The district court focused its attention on the issue of whether Beecham had been provided a "written statement by the factfinders as to the evidence relied on and reasons for disciplinary action." Wolff v. McConnell, 418 U.S. 539, 564 (1974) (quoting Morrisey v. Brewer, 408 U.S. 471, 489). The district court concluded that the statement furnished to plaintiff by the adjustment committee was inadequate and that the proper remedy was a new hearing relying on Ivey v. Wilson, 577 F.Supp. 169 (W.D.Ky.1983).
 
 
 3
 Although plaintiff was awarded a new hearing, this was not a part of the relief he had requested. Accordingly, he appealed based on the district court's failure to award damages and attorney fees. The defendants cross appealed on the basis of the district court's alleged error in refusing to grant qualified immunity to the defendants and on the basis that the "[d]istrict court abused its discretion in granting summary judgment for plaintiff...." (Appellees/Cross Appellants Brief at 7).
 
 
 4
 Before considering these arguments, we find it necessary to raise sua sponte a jurisdictional issue as to whether this case is properly before us as the result of a final appealable order being entered.
 
 
 5
 This matter was before the court below on defendants' motion for summary judgment. This motion was denied. The denial of a summary judgment motion is interlocutory and nonappealable. Freeman v. Kohl & Vick Machine Works, Inc., 673 F.2d 196 (7th Cir.1982).
 
 
 6
 The plaintiff's response to defendants' summary judgment motion was not a cross-motion for summary judgment but, rather, a motion to strike defendants' motion and a request that this matter proceed to a jury trial. The district court ruled that the motion to strike was moot in light of its denial of defendants' summary judgment motion (order entered June 5, 1985). Thus, defendants are incorrect when they reference the granting of summary judgment to the plaintiff since that did not occur. Following the teachings of Ivey, the district court remanded for a new adjustment committee hearing. The record before this court contains no order of dismissal or other final disposition of this case. We also note that in Ivey, Judge Allen specifically stated that the order granting a new adjustment committee hearing was not a final appealable order, notwithstanding that in Ivey the court had granted rather than denied a summary judgment. 577 F.Supp. at 174.
 
 
 7
 We conclude that there is no final appealable order in this case and that the Ivey -type remand for a new adjustment committee hearing does not put this case in an appealable posture.[1] Thus, we have no jurisdiction and the appeal must be dismissed.
 
 
 8
 Notwithstanding our dismissal, however, in the interest of judicial economy we make the following obiter dictum observations:
 
 
 9
 1. A prevailing pro se plaintiff in a Sec. 1983 action has no right to attorney fees. Wright v. Crowell, 674 F.2d 521 (6th Cir.1982).
 
 
 10
 2. Ivey, on which the district court relied, reserved the question of damages for consideration until after the rehearing by the adjustment committee. It did not, as suggested by the court below, hold that a remand for a new hearing is the only relief available to a plaintiff. In the event plaintiff were to prevail, remand would not be the only relief available.
 
 
 11
 3. If the district court is to consider damages after the remand, it will first have to consider the defendants' immunity motions. Mitchell v. Forsyth, 472 U.S. 511 (1985).[2]
 
 
 12
 4. Finally, we note that the district court found the written findings of the adjustment committee to be inadequate. We read nothing in the opinion suggesting the proceedings themselves, apart from the order, were in violation of plaintiff's due process rights.
 
 
 13
 DISMISSED.
 
 
 
 *
 Honorable James Harvey, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The parties have also included another Kentucky case in the record on appeal in which defendants' summary judgment motion was denied and the matter remanded for another adjustment committee hearing. This order also was construed to be nonappealable. Hudson v. Edmonson, No. C-83-1050 L(A) (W.D.Ky. March 16, 1984)
 
 
 [2]
 The district judge did not really consider defendants' immunity arguments below since he felt that there was no remedy available but a new hearing. Under such circumstances, we prefer to let the district judge make the initial determination of this issue