5 F.3d 540
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John David ANDERSON, Defendant-Appellant.
 No. 92-10716.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided Sept. 14, 1993.
 
 Appeal from the United States District Court for the District of Nevada, No. CR-92-00034-LDG; Lloyd D. George, District Judge, Presiding.
 D.Nev.
 AFFIRMED.
 Before: REAVLEY,** PREGERSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 John David Anderson appeals his jury conviction for being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). We affirm.
 
 A. Admission of Drug Evidence
 
 3
 Anderson argues that evidence of the drugs found on his person and of the drugs found in the apartment should have been excluded under Rule 404(b) of the Federal Rules of Evidence. However, "[w]e have repeatedly rejected such arguments. The prosecution is not restricted to proving in a vacuum the offense of possession of a firearm." United States v. Daly, 974 F.2d 1215, 1217 (9th Cir.1992). Here, the evidence of the goings on in the apartment, including the drugs found there, and the evidence that drugs were found on Anderson himself, set the stage and placed his actions in context. Also, the evidence tended to rebut Anderson's self-defense and duress claims. It was not inappropriate for the jury to hear about the circumstances and background of the conduct at issue. Id.; see also United States v. Butcher, 926 F.2d 811, 815-16 (9th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 2273, 114 L.Ed.2d 724 (1991); United States v. Dunn, 946 F.2d 615, 617-18 (9th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 401, 116 L.Ed.2d 350 (1991).
 
 
 4
 Anderson's claim that the district court failed to balance the evidence's probative value against its prejudicial effect is meritless. Our review of the record reveals that the district court properly balanced the evidence. See Daly, 974 F.2d at 1217. Indeed, the fact that the apartment contained potentially violent drug dealers was important to his attempted defense. Moreover, there is no doubt that he was in possession of a firearm. It is hard to see how the drug evidence could be viewed as unfairly prejudicial.
 
 
 5
 B. Admission of the Officer's Statement About the Telephone Call
 
 
 6
 Anderson contends that officer Clark's testimony that he heard officer Faux say that a telephone caller "said that someone was bringing over some narcotics" was prejudicial hearsay. Statements do not qualify as hearsay when they "are not offered for the truth of the matter asserted, but were admitted to establish that the statement was made or to demonstrate the effect the statement had on the hearer." United States v. Kirk, 844 F.2d 660, 663 (9th Cir.), cert. denied, 488 U.S. 890, 109 S.Ct. 222, 102 L.Ed.2d 213 (1988). Nor are statements hearsay if they "were not offered for the truth of the matter asserted but as necessary background information." United States v. Echeverry, 759 F.2d 1451, 1457 (9th Cir.1985).
 
 
 7
 Officer Clark's statements were not offered for the truth of the matter asserted--that someone was actually bringing over some drugs. Rather, the statements were offered to show that the officers had reason to believe that the apartment was being used for drug transactions and to establish the background information to explain the officers' actions. See, e.g., United States v. Jaramillo-Suarez, 950 F.2d 1378, 1383 (9th Cir.1991); United States v. Zenni, 492 F.Supp. 464, 465, 469 (E.D.Ky.1980) (unknown callers' statements about wagering were non-hearsay when offered to show that the premises were being used for betting). We are unable to find any prejudicial error.
 
 C. Theory of Defense Instructions
 
 8
 Anderson requested two instructions in support of his theory of defense--that he was justified in carrying a weapon because he needed to protect himself while acting as a confidential informant. The district court found that there was no evidence to support the "duress" and "self-defense" instructions and refused to give them. Anderson now claims that that refusal was reversible error. "For an instruction on a particular defense to go to the jury, the defendant must present sufficient evidence to raise triable issues of fact on the elements of that defense." United States v. Charmley, 764 F.2d 675, 676 (9th Cir.1985).
 
 
 9
 Review of the record in the light most favorable to Anderson shows that he failed to present evidence to support either instruction. Specifically, even if he did adduce evidence of a present threat of serious injury, he did not present any evidence that he could not have "escaped"--that is, that there were no "reasonable, legal alternatives." See United States v. Lemon, 824 F.2d 763, 765 (9th Cir.1987). Each "defense" was a theory in search of facts; he found none.
 
 
 10
 The only "evidence" that Anderson was actually working for the police at the time was an inference from the fact that he had not been formally terminated. On the other hand, there was plenty of evidence to show that he was not a confidential informant at that time. Thus, as a threshold matter, Anderson failed to present any evidence that the police exercised control over him at the time of the incident, at least not until they seized him. There can be neither duress nor justification if the defendant's decision to place himself in the dangerous situation is unconstrained. Additionally, there was no evidence that he could only protect himself by carrying a weapon. The dearth of evidence deprived Anderson of any right to his theory of defense instructions. See United States v. Sahakian, 965 F.2d 740, 741 (9th Cir.1992); Lemon, 824 F.2d at 765; Charmley, 764 F.2d at 676-77.
 
 
 11
 In the context of a prosecution for possession of a weapon in prison, we have recognized that allowing a duress defense without requiring proof of the absence of a reasonable legal alternative would have the effect of giving the prisoner a license to carry a weapon. United States v. Wood, 566 F.2d 1108, 1109 (9th Cir.1978) (per curiam). Here, Anderson, without presenting any evidence that he had no alternative to carrying a gun, invites us to direct the district court to deputize him and issue him a permit. We decline the invitation.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Hon. Thomas M. Reavley, Senior United States Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3