**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50194 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00131-GAF-1 |
| v. | |
| ROBIN WADE LIPPITT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted October 9, 2012
Pasadena, California

Before: PREGERSON, W. FLETCHER, Circuit Judges, and BENNETT, District
Judge.[**]

Defendant-Appellant Robin Wade Lippitt, an inmate in the United States

Penitentiary at Lompoc, appeals his conviction for assault resulting in serious

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Mark W. Bennett, District Judge for the Northern
District of Iowa, sitting by designation.

bodily injury, in violation of 18 U.S.C. § 113(a)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291. Lippitt contends that the district court erred by preventing him from presenting a duress defense. Because Lippitt's pretrial proffer failed to establish a prima facie case of duress, we conclude that the district court did not err in precluding him from presenting a duress defense. Thus, we affirm Lippitt's conviction.

Lippitt and his co-defendant Phillip Matthews were charged with assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6). This charge arose from Lippitt and Matthews's attack and beating of another inmate, B.S. Lippitt provided notice of his intent to present a duress defense at trial. He contended that a "prison code" among convicts required him to assault B.S., as a child sex offender, or be assaulted himself. In response, the government filed a motion in limine to preclude Lippitt from presenting evidence of a duress defense. Following a hearing, the district court granted the government's motion in limine. Lippitt then entered a conditional plea of guilty to the charge in the indictment and this appeal followed.

A defendant is not entitled to present a duress defense at trial unless the defendant has made a prima facie showing of duress in a pretrial offer of proof. *See United States v. Ibarra-Pino*, 657 F.3d 1000, 1004 (9th Cir. 2011); *United*

2

*States v. Vasquez-Landaver*, 527 F.3d 798, 802 (9th Cir. 2008). To establish the defense, a defendant must show: (1) an immediate threat of death or serious bodily injury; (2) a well-grounded fear that the threat will be carried out; and (3) no reasonable opportunity to escape the threatened harm. *Ibarra-Pino*, 657 F.3d at 1004 (9th Cir. 2011); *United States v. Houston*, 648 F.3d 806, 816 (9th Cir. 2011). Whether a defendant has made a prima facie showing of each element of the duress defense is a question of law reviewed de novo. *United States v. Chi Tong Kuok*, 671 F.3d 931, 947 (9th Cir. 2012); *Ibarra-Pino*, 657 F.3d at 1003. The district court found Lippitt failed to satisfy any of the elements of this defense.

Lippitt failed to produce sufficient evidence that he lacked a reasonable opportunity to escape the threatened harm. Although Lippett may have reasonably feared that he would be assaulted by other inmates if he did not assault B.S., Lippitt has failed to show that he had no reasonable opportunity to escape that assault. He could have sought help from prison administration officials including placement in protective custody, or a transfer to another correctional facility. He has argued to us that protective custody would have been so burdensome that he was justified in assaulting B.S. instead of seeking such custody. Our precedent forecloses that argument. *See United States v. Wood,* 566 F.2d 1108, 1109 (9th Cir. 1977) ("Assuming the truth of every bit of the proffered evidence, transfer out

3

of the prison or into protective custody within the prison would have dispelled any immediacy of an anticipated attack."); *see also Houston*, 648 F.3d at 816. Because Lippitt failed to establish a prima facie showing that he lacked a reasonable opportunity to escape the threatened harm, we need not discuss the other elements of duress. *United States v. Moreno*, 102 F.3d 994, 998 (9th Cir. 1996).

Accordingly, we find the district court did not err in precluding Lippitt from presenting the defense of duress.

AFFIRMED.

USA v. Lippitt, 11-50194

Pregerson, Circuit Judge, dissenting:


I respectfully dissent.  Defendant Robin Wade Lippitt should be allowed to present his duress defense to a jury because he established a "threshold showing" as to each element of that defense.  *United States v. Williams,* 791 F.2d 1383, 1388 (9th. Cir. 1986).  In his declaration opposing the government's motion for summary judgment, Lippitt alleged evidentiary facts indicating:  "(1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) lack of reasonable opportunity to escape the threatened harm."  *United States v. Ibarra-Pino*, 657 F.3d 1000, 1004 (9th Cir. 2011).  The majority concludes that Lippitt in his declaration did not make a prima facie showing of duress because he had a reasonable opportunity to escape the threatened harm by asking prison officials to place him in protective custody.  I disagree.

A jury could conclude that prison officials orchestrated Lippitt's assault on the victim, and thus that Lippitt could not reasonably escape the threatened harm by requesting that the same prison officials place him in protective custody.  In his declaration, Lippitt stated that officials initially placed the victim, Brian Sims, in

Lippitt's cell despite knowing that Sims was convicted of child pornography and that Lippitt had previously assaulted a child molester in prison. Next, Lippitt was shown a copy of Sim's sentencing report which confirmed that Sims had been convicted of a sexual offense involving children. Inmates do not have access to these records, but Lippitt states that previously he had seen prison officials provide other inmates with such records to trigger an assault. Even after moving Sims out of Lippitt's cell, officials kept Sims in the general population despite knowing that inmates convicted of crimes involving child pornography are vulnerable to attack.

Lippitt did not need to seek help from prison officials he alleges were corrupt to preserve his duress defense. *See United States v. Contento-Pachon*, 723 F.2d 691, 694 (9th Cir. 1984) (defendant not required to seek help from arguably corrupt police to preserve duress defense); *see also United States v. Riffe*, 28 F.3d 565, 570 (6th Cir. 1994) *abrogated on other grounds*, *Dixon v. United States*, 548 U.S. 1 (2006) (defendant not required to seek help from arguably corrupt prison guards to preserve duress defense). Prison officials' complicity in Lippitt's assault distinguishes Lippitt's case from *United States v. Wood*, 566 F.2d 1108, 1109 (9th Cir. 1977). This complicity also establishes Lippitt's right to argue to the jury that prison officials' encouragement of the assault prevented him from seeking their protection.