MEMORANDUM **
Defendant-Appellant Robin Wade Lip-pitt, an inmate in the United States Penitentiary at Lompoc, appeals his conviction for assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291. Lippitt contends that the district court erred by preventing him from presenting a duress defense. Because Lip-pitt’s pretrial proffer failed to establish a prima facie case of duress, we conclude that the district court did not err in precluding him from presenting a duress defense. Thus, we affirm Lippitt’s conviction.
Lippitt and his co-defendant Phillip Matthews were charged with assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6). This charge arose from Lippitt and Matthews’s attack and beating of another inmate, B.S. Lippitt provided notice of his intent to present a duress defense at trial. He contended that a “prison code” among convicts required him to assault B.S., as a child sex offender, or be assaulted himself. In response, the government filed a motion in limine to preclude Lippitt from presenting evidence of a duress defense. Following a hearing, the district court granted the government’s motion in limine. Lippitt then entered a conditional plea of guilty to the charge in the indictment and this appeal followed.
A defendant is not entitled to present a duress defense at trial unless the defendant has made a prima facie showing of duress in a pretrial offer of proof. See United States v. Ibarra-Pino, 657 F.3d 1000, 1004 (9th Cir.2011); United States v. Vasquez-Landaver, 527 F.3d 798, 802 (9th Cir.2008). To establish the defense, a defendant must show: (1) an immediate *369 threat of death or serious bodily injury; (2) a well-grounded fear that the threat will be carried out; and (3) no reasonable opportunity to escape the threatened harm. Ibarra-Pino, 657 F.3d at 1004 (9th Cir.2011); United States v. Houston, 648 F.3d 806, 816 (9th Cir.2011). Whether a defendant has made a prima facie showing of each element of the duress defense is a question of law reviewed de novo. United States v. Chi Tong Kuok, 671 F.3d 931, 947 (9th Cir.2012); Ibarra-Pino, 657 F.3d at 1003. The district court found Lippitt failed to satisfy any of the elements of this defense.
Lippitt failed to produce sufficient evidence that he lacked a reasonable opportunity to escape the threatened harm. Although Lippett may have reasonably feared that he would be assaulted by other inmates if he did not assault B.S., Lippitt has failed to show that he had no reasonable opportunity to escape that assault. He could have sought help from prison administration officials including placement in protective custody, or a transfer to another correctional facility. He has argued to us that protective custody would have been so burdensome that he was justified in assaulting B.S. instead of seeking such custody. Our precedent forecloses that argument. See United States v. Wood, 566 F.2d 1108, 1109 (9th Cir.1977) (“Assuming the truth of every bit of the proffered evidence, transfer out of the prison or into protective custody within the prison would have dispelled any immediacy of an anticipated attack.”); see also Houston, 648 F.3d at 816. Because Lippitt failed to establish a prima facie showing that he lacked a reasonable opportunity to escape the threatened harm, we need not discuss the other elements of duress. United States v. Moreno, 102 F.3d 994, 998 (9th Cir.1996).
Accordingly, we find the district court did not err in precluding Lippitt from presenting the defense of duress.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.