PREGERSON, Circuit Judge,
dissenting:
I respectfully dissent. Defendant Robin Wade Lippitt should be allowed to present his duress defense to a jury because he established a “threshold showing” as to each element of that defense. United States v. Williams, 791 F.2d 1383, 1388 (9th. Cir.1986). In his declaration opposing the government’s motion for summary judgment, Lippitt alleged evidentiary facts indicating: “(1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) lack of reasonable opportunity to escape the threatened harm.” United States v. Ibarra-Pino, 657 F.3d 1000, 1004 (9th Cir.2011). The majority concludes that Lippitt in his declaration did not make a prima facie showing of duress because he had a reasonable opportunity to escape the threatened harm by asking prison officials to place him in protective custody. I disagree.
A jury could conclude that prison officials orchestrated Lippitt’s assault on the victim, and thus that Lippitt could not reasonably escape the threatened harm by requesting that the same prison officials place him in protective custody. In his declaration, Lippitt stated that officials initially placed the victim, Brian Sims, in Lippitt’s cell despite knowing that Sims was convicted of child pornography and that Lippitt had previously assaulted a child molester in prison. Next, Lippitt was shown a copy of Sim’s sentencing report which confirmed that Sims had been convicted of a sexual offense involving children. Inmates do not have access to these *370 records, but Lippitt states that previously he had seen prison officials provide other inmates with such records to trigger an assault. Even after moving Sims out of Lippitt’s cell, officials kept Sims in the general population despite knowing that inmates convicted of crimes involving child pornography are vulnerable to attack.
Lippitt did not need to seek help from prison officials he alleges were corrupt to preserve his duress defense. See United States v. Contento-Pachon, 728 F.2d 691, 694 (9th Cir.1984) (defendant not required to seek help from arguably corrupt police to preserve duress defense); see also United States v. Riffe, 28 F.3d 565, 570 (6th Cir.1994) abrogated on other grounds, Dixon v. United States, 548 U.S. 1, 126 S.Ct. 2487, 165 L.Ed.2d 299 (2006) (defendant not required to seek help from arguably corrupt prison guards to preserve duress defense). Prison officials’ complicity in Lippitt’s assault distinguishes Lippitt’s case from United States v. Wood, 566 F.2d 1108, 1109 (9th Cir.1977). This complicity also establishes Lippitt’s right to argue to the jury that prison officials’ encouragement of the assault prevented him from seeking their protection.