William **GOBLE**

v.

George **WILSON**, et al.

**Civ. A. No. C 83–0618 L(A).**

United States District Court,
W.D. Kentucky,
Louisville Division.

Oct. 17, 1983.

William Goble, pro se.

Barbara Jones, Linda G. Cooper, David Sexton, Corrections Cabinet, Frankfort, Ky., for defendants.

### ORDER

ALLEN, Chief Judge.

William Goble brings this pro se action against George Wilson, Secretary of the Kentucky Corrections Cabinet, and John D. Rees, Warden of the Kentucky State Reformatory, LaGrange, Kentucky, where Goble is an inmate. Jurisdiction is alleged under 42 U.S.C. § 1983. Goble seeks damages for an alleged violation of his due process rights during an adjustment committee hearing. The defendants move to dismiss. Fed.R.Civ.P. 12(b)(6). This Court

chooses to treat the motion to dismiss as a motion for summary judgment under Rule 56 as defendants have filed supporting evidence. Normally, this Court would allow plaintiff notice and an opportunity to respond. However, the Court dispenses with notice in this instance because the Court overrules the motion for summary judgment and remands the case to the prison officials for another adjustment committee hearing. See *Ivey v. Wilson*, 577 F.Supp. 169 (1983) (denying defendant's motion for summary judgment).

On March 19, 1983, prison officials discovered evidence of an escape attempt. An investigation produced evidence that Goble and several other inmates were involved in planning the attempt. On March 30, 1983, the adjustment committee met to consider Goble's part in the alleged escape attempt and concluded that he was involved. The committee sentenced Goble to forfeit 180 days of "good time" and to serve 90 days in administrative segregation. Goble contends that the committee violated his due process rights because (1) the committee did not allow him the legal aide of his choice, (2) the incident report was vague, (3) the incident report contained hearsay information, and (4) the incident report did not contain an adequate written statement by the committee of the reasons for the findings and punishment awarded him. This Court concludes that the report does not adequately deal with the problem of informants. Therefore, the Court remands the case for another hearing, at which time Goble may correct any other alleged defects in the record.

■ The defendants acknowledge in their brief to this Court that the investigation upon which the adjustment committee relied was based upon information gained from informants. The defendants correctly point out that Goble does not have a right to confront or directly cross-examine these informants. However, Goble is entitled to a statement that the committee has determined that the informants are trustworthy, such as a statement that the prison authorities have used information from these informants on prior occasions and found them trustworthy. *Kyle v. Hanberry*, 677 F.2d 1386, 1389–91 (11th Cir.1982); *Helms v. Hewitt*, 655 F.2d 487, 501–03 (3rd Cir.1981).

This Court emphatically agrees that all efforts should be made to keep secret the identity of an informant, and this Court in no way proposes to order the prison officials to release any information or take any action which would lead to that result. However, the law is clear that Goble is entitled to a good faith determination by the prison officials that the informants are reliable and are not engaged on a private vendetta. This fact must be stated in the record. In fact, defendant's "Answer and Report" contains just such a statement, but this document is not a part of the adjustment committee record. See Answer at Part II. The verification procedure need not be comprehensive. See *Kyle v. Hanberry*, 677 F.2d at 1390 n. 2. However, the committee must include *some* reference to verification in order to inform this Court that verification was completed.

■ This Court specifically does not reach the decision of whether the adjustment committee must interview the informant. That decision is left to the sound discretion of the prison authorities. In reaching their decision, the authorities should consider (1) the seriousness of the offense, (2) the strength of corroborating evidence (or its absence), (3) the affidavits of prison officials concerning the informant's reliability, and (4) the possibility, under the circumstances of the individual prison, of the informant's identity becoming known. In any event, this Court will not overrule a decision by the committee not to interview the informant unless there is an abuse of discretion by the prison officials.

Since the case has been remanded for another hearing, the Court will not reach the other issues raised by Goble, except to note that prison regulations require that the prisoner be given an opportunity to confer with "the legal aide *of his choice* at least 24 hours prior to hearing." (empha-

sis added). This Court also notes that the Magistrate's Order requires that the prison authorities file any reports with this Court (with information identifying informants deleted).

■ Finally, this Court once again reiterates its position that it will not interfere in the day-to-day administration of the prison and will afford prison authorities a "wide latitude" in handling prison discipline. The Court realizes that authorities bear a particularly heavy burden, especially in view of the rapid changes in this area of the law. The recent decisions cited in this case are just one example of that rapid change. However, the authorities must meet certain minimum standards which this Court will enforce.

Therefore,

IT IS ORDERED that the defendant's motion to dismiss be, and the same hereby is overruled, and

IT IS FURTHER ORDERED that the case be remanded to the prison officials for further proceedings consistent with this opinion and order.

This is not a final and appealable order.