James **GILHAUS**, Appellant,

v.

George **WILSON**, Appellee.

Court of Appeals of Kentucky.

May 29, 1987.

As Modified Aug. 21, 1987.

Hank Eddy, Dept. of Public Advocacy, Eddyville, for appellant.

Linda Cooper, Corrections Cabinet, Gen. Counsel, Frankfort, Leslie Patterson Vose, Lexington, for appellee.

Before HOWERTON, C.J., and CLAYTON and DYCHE, JJ.

CLAYTON, Judge.

James Gilhaus appeals from a Franklin Circuit Court order dismissing his petition for declaratory judgment. Gilhaus alleges that constitutionally defective procedures were used during his prison disciplinary hearing. We agree with the Franklin Circuit Court and affirm.

On September 24, 1985, Gilhaus and two other inmates were charged with engaging in extortion or blackmail or making threatening statements. Gilhaus received a copy of the incident report on the same day. The report stated that a thorough investigation revealed that the three inmates extorted money from one or more inmates, they made loans or drug deals charging exorbitant interest and on more than one occasion they used threats to collect the debts. The report further stated that the investigation of these incidents had been confirmed by polygraph examination[s]. The report also stated that the exact nature of the incident[s], date[s], time[s], place[s], and the identity of the informant[s] could not be revealed because to do so would expose the informant[s] to serious danger.

Gilhaus waived the twenty-four (24) hour notice period and a hearing before the Prison Adjustment Committee was held the next day, September 25, 1985.

The Committee found Gilhaus guilty based on "the statements of confidential informant[s] and other documents compiled by the N.T.C. [Northpoint Training Center] Internal Affairs Office which support the statements of the informant[s]." Gilhaus received forty-five (45) days disciplinary segregation, sixty (60) days forfeiture of KRS 197.045 statutory good time and a recommendation that he be transferred to the Luther Luckett Correctional Complex. Gilhaus filed a petition for declaratory judgment in the Franklin Circuit Court to obtain a new hearing because statutory good time was taken from him in violation of the Due Process Clause of the Fourteenth Amendment. The circuit court dismissed the petition on August 15, 1986, thus precipitating this appeal.

Gilhaus contends that the Prison Adjustment Committee violated his due process rights because: 1) he was not given adequate notice of the charges against him; 2) the committee did not make a determination that the confidential informants were trustworthy; and 3) the committee did not make adequate written findings.

The United States Supreme Court has held that prisoners retain rights under the Due Process Clause, subject to restrictions imposed by the nature of their lawful imprisonment. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). However, the full panoply of rights due a defendant in a criminal prosecution is not applicable in a prison disciplinary proceeding. *Id.* The inmate's interest in the procedural protections required by due process must be balanced against the legitimate institutional needs of assuring safety and control of inmates, avoiding burdensome administrative requirements and preserving the disciplinary process as a means of rehabilitation. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Wolff, supra*. With these principles in mind, we turn to the merits of this appeal.

Gilhaus first contends that he should have received a more detailed notice of the charges against him. He argues that the notice he received was so general that he was unable to prepare a defense. The essential information that Gilhaus needed to prepare his defense was the time, place, and persons involved in each alleged act of extortion. The additional

information would have enabled him to identify the informants. Unfortunately, violent crime directed at other inmates is a common occurrence in our prisons today. Revealing the names of informants could lead to the death or serious injury of some or all of them and in the long run would dry up the supply of informants, allowing extortion to persist unchecked. In our judgment, the costs outweigh the benefits of giving Gilhaus more detailed information to prepare his defense. Thus, the notice he received was consistent with due process. *See McCollum v. Miller*, 695 F.2d 1044 (7th Cir.1982).

Secondly, Gilhaus argues that the committee did not make a determination that the confidential informants were trustworthy as required by *Goble v. Wilson*, 577 F.Supp. 219 (W.D.Ky.1983). We find that such a determination was made. The committee found Gilhaus guilty based on the statements of confidential informant[s] and documents which support the statements. The incident report further verifies the trustworthiness of the informant[s] and it is printed on the same page with the Adjustment Committee findings. The report states that the declarations of the informant[s] were confirmed by polygraph examinations. The verification procedure need not be comprehensive, the committee need only include some reference to verification. *Goble*, 577 F.Supp. at 220. Thus, we find that the reliability and trustworthiness of the informant[s] are sufficiently verified.

Lastly, Gilhaus contends that the committee failed to make adequate written findings regarding the evidence relied upon and reasons for the disciplinary action as required by *Wolff, supra*, and Corrections Cabinet Policy Number 15.6. We disagree and hold that the written findings are adequate. The United States Supreme Court stated in *Wolff* that the function of the written findings is to protect the inmate against collateral consequences based on a misunderstanding of the nature of the original proceeding and to help insure that administrators act fairly. *Wolff*, 418 U.S. at 565, 94 S.Ct. at 2979. The statement may,

indeed, be brief, and this Court generally will not interfere with the prison officials' wide discretion in their enforcement of prison discipline. *Ivey v. Wilson*, 577 F.Supp. 169, 172–73 (W.D.Ky.1983). When institutional safety is implicated, certain evidence may be omitted; however, the fact of the omission should be indicated. *Wolff*, 418 U.S. at 565, 94 S.Ct. at 2979.

The committee relied on the statements of confidential informant[s] and supporting documents. The incident report printed on the same page indicates that the informant[s] cannot be named because serious consequences would follow. We find these statements to be sufficient.

The order of the Franklin Circuit Court is affirmed.

All concur.