Kevin STANFORD, Appellant,

v.

Phillip PARKER, Warden Kentucky State Penitentiary, Appellee.

No. 94–CA–002689–MR.

Court of Appeals of Kentucky.

Aug. 23, 1996.

Case Ordered Published by Court of Appeals Dec. 6, 1996.

Discretionary Review Denied by Supreme Court Aug. 27, 1997.

Kevin Stanford, Eddyville, pro se.

John P. Rall, Paducah, for Appellant.

Boyce A. Crocker, Justice Cabinet, Frankfort, for Appellee.

Before COMBS, EMBERTON and JOHNSTONE, JJ.

EMBERTON, Judge.

The appellant, Kevin Stanford, is an inmate at the Kentucky State Penitentiary where he is on death row. In March 1992, he was found guilty of sexual assault on another inmate and was assigned 180 days in disciplinary segregation and recommended

for review for placement on the Administrative Control Unit. Following a review by the Classification Committee, appellant was assigned to the ACU and was released to a regular housing assignment on March 8, 1993.

Appellant did not appeal the action of the Adjustment Committee, but in May 1994, he filed a motion for declaration of rights. The circuit court dismissed the action finding that appellant's due process rights were protected and that the finding of guilt was based on "some evidence" as required by *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). This appeal followed.

█ "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974). Appellant was given notice of the charges, and at the proceeding he was permitted to call and cross-examine witnesses, and present evidence on his own behalf.

█ Admittedly, appellant's opportunity to present his case was limited by the existence of information the committee deemed confidential; we do not believe, however, that the prison officials denied him due process by refusing to divulge the information to him. The alleged victim testified at the hearing, thus, argues appellant, the information sought could no longer be protected by the need to protect the victim from potential retaliation. Appellant's request to unseal the record was previously denied. The record contains the name of the informant who aided in the investigation of the assault. In the potentially hostile climate of prison the need to protect informants is obvious. *Gilhaus v. Wilson*, Ky.App., 734 S.W.2d 808 (1987). There was no violation of appellant's due process rights in the refusal to reveal information which prison officials deemed confidential.

Appellant also complains that certain witnesses limited their responses to his cross-examination because of the need to protect the informant. We cannot afford any meaningful review to appellant's arguments as to the substance of the witnesses' testimony. He failed to include the transcript of the hearing in the record before the circuit court, and pursuant to *Fortney v. Elliot's Adm'r.*, Ky., 273 S.W.2d 51 (1954), we denied appellant's motion to include the transcript on appeal.

█ *Superintendent, MCI* sets forth the standard to be applied in the review of prison disciplinary cases. "Some evidence" of guilt is sufficient to support a prison disciplinary board's finding of guilt and satisfy due process. *Id.* at 455, 105 S.Ct. at 2774. The relaxed standard of "some evidence" does not, however, negate the requirement that the evidence be reliable. *O'Dea v. Clark*, Ky.App., 883 S.W.2d 888 (1994). The committee had before it the confidential information; Officer Davidson, who saw appellant in the victim's cell after the alleged assault; and the victim's testimony. Although the victim later recanted his story and refused to testify in the criminal proceeding, a recantation by an inmate accuser is not indicative of the reliability of statements made to prison officials. *Wolff, supra*, at 568, 94 S.Ct. at 2981. We can find nothing in the record which suggests that the evidence against the appellant was unreliable.

█ As a practical matter, the punishment served by appellant did not deprive him of a significant liberty interest. He is a death row inmate and is not eligible for good time credits, or for early release. *See Rimmer–Bey v. Brown*, 62 F.3d 789, 791 (6th Cir.Mich.1995). Appellant's objective in this case is to have the sexual assault charge expunged from his record. He hypothesizes that if his pending habeas corpus petition is successful, or if he appeals for clemency, the existence of the sexual assault conviction could have an adverse effect, thus, we should review this case based on a heightened standard of proof. Regardless of appellant's speculation as to the future ramifications of the conviction and his attempts to save his life, we find no authority for a deviation from the applicable "some evidence" standard. *Superintendent, MCI, supra.*

The order of the Lyon Circuit Court is affirmed.

All concur.