**James BLAIR, Appellant,**

v.

**Robert HENDRICKS, Appellee.**

**No. 1998–CA–002211–MR.**

Court of Appeals of Kentucky.

June 23, 2000.

Rehearing Denied Aug. 17, 2000.

James Blair, Eddyville, pro se.

No Brief for Appellee.

Before: BARBER, McANULTY and COMBS, Judges.

BARBER, Judge.

This opinion affirms the ruling of the trial court that Appellant James Blair's complaint should be dismissed as moot.

Blair filed a civil declaratory judgment action against Appellee Robert Hendricks claiming that he had improperly been punished for failure to obey an order in the course of his incarceration at Western Kentucky Correctional Complex. The order at issue was a request that Blair sign his name to an inventory list acknowledging receipt of bedding items. As a result of his refusal to sign, Blair was moved from a medium security prison to a maximum security facility with written or-

ders not to return him to a medium security facility. Blair spent fifteen days in solitary confinement and lost sixty days of "good time".

Blair appealed the disciplinary committee's findings and sentence to the warden's office. The warden affirmed the disciplinary committee's findings and sentence. Blair stated in his motion for declaratory judgment that the underlying conduct, that being refusal to sign his name to a contract, was constitutionally impermissible, and that punishing him for this refusal was improper. He demanded return of the good time, return to the medium security prison, and monetary damages for the fifteen days of segregation. Blair also asserted that it was a violation of law to deny him the right to inspect public records. The records at issue were the disciplinary committee records which were at a different incarceration facility than the one housing Blair.

■ While this action was before the trial court, Hendricks filed a motion to dismiss showing that he had reconsidered the imposition of punishment and was expunging the previously charged · action from Blair's record. Along with the motion to dismiss, Appellee filed a memorandum from Deputy Warden Simpson to Blair, which stated that the warden had made a decision to "vacate the imposition of the disciplinary action and expunge the Disciplinary Report from your record." Due to this action on the part of Appellee, the issues raised in Blair's declaratory judgment suit are moot. In order for a declaratory judgment action to proceed, the movant must show that an actual and justiciable controversy exists involving the specific rights of the parties. *HealthAmerica Corp. of Kentucky v. Humana Health Plan, Inc.*, Ky., 697 S.W.2d 946 (1985). As no controversy existed after the disciplinary action was expunged from the record, the case was properly dismissed.

Blair challenges the dismissal of the action and asserts that an ongoing controversy affecting his rights was present at the time the action was dismissed as moot. Blair argues that the prison's actions in requiring him to sign his name to the bedding inventory sheet was a violation of his constitutional rights. Blair asserts that the disciplinary action resulting from his refusal to sign his name was arbitrary and improper, and a violation of his Fifth and Fourteenth Amendment rights.

■ Blair asserts that he is entitled to pecuniary damages due to the time he spent in solitary confinement and cites *Wycoff v. Brewer*, 572 F.2d 1260 (6th Cir. 1978) in support of this assertion. This case holds that a claim for pecuniary damages is not rendered moot even where the underlying wrongful action is corrected. However, Blair cites no authority in support of his claim for pecuniary damages under the present circumstances. He has proven no violation of law sufficient to entitle him to such damages, and for this reason, his claim for monetary compensation must fail.

■ Blair asserts that even though the good time was returned to him, and the disciplinary report expunged from his record, his custody score and release date were affected and have not been corrected by Appellee. No documents in the record show the effect of the disciplinary action on Blair's record. Obviously, as the disciplinary charge has been expunged according to pleadings filed by Appellee, the record including release date and custody score must be returned to the state it was prior to the filing of the disciplinary action. The trial court relied on the statement that the underlying action had been completely expunged in dismissing the action. Failure of the Appellee to restore Blair's record to its prior condition would constitute a fraud upon the court which was informed via the motion to dismiss that no mention of the alleged wrongdoing remained in the record.

Blair also claims that he was falsely accused of misconduct. As a general rule, the law does not protect a prison inmate from being falsely accused so long as such accusations do not harm the constitutional rights of the inmate. *Freeman v. Rideout*, 808 F.2d 949 (2nd Cir.1986). Blair does not provide any evidence supporting his claim that he was falsely accused. He does not deny that he did not sign the bedding inventory and gives no reason for this refusal other than contending that he does not have to sign his name if he does not want to.

Blair claims that he was improperly reclassified and moved from a medium security facility to a maximum security facility as a result of the disciplinary action taken against him. Department of Corrections procedures permitting reclassification of an inmate have been upheld by the courts. Additionally, the reclassification committee is permitted to change an inmate's custody level and is given discretion to do so. *Mahoney v. Carter*, 938 S.W.2d 575 (1997). For this reason, the reclassification and move of Blair to another facility does not properly form the basis for reversal of the trial court's decision.

Under Kentucky law, the courts generally do not interfere with the imposition of discipline on prison inmates. *Gilhaus v. Wilson*, Ky.App., 734 S.W.2d 808 (1987). Where some evidence supporting the disciplinary decision exists, an inmate's due process rights must be found to have been protected. *Higgs v. Bland*, 888 F.2d 443 (6th Cir.1989). Blair admits the action initially complained of and was given the opportunity to file both an informal appeal to the warden of the decision and a state court action resulting from the decision. For this reason, his claim for deprivation of constitutional rights must fail.

Lastly, Blair argues that he was improperly denied access to records regarding his case. The Appellee cited O.A.G. 88–44 in support of the denial holding that Blair did not have a right to inspect the disciplinary committee records. This opinion states that an inmate cannot require a tape to be brought from one prison to another for inspection. Appellee claims that an inmate can inspect the record at a facility where he is detained, but cannot require the records from another facility be provided to him. OAG 92–94 overrules this earlier opinion and holds that "a prison inmate has the same right to inspect public records as any other person." Public agencies are required to supply copies of records to prison inmates upon request. KRS 61.884 requires that each person shall have access to records relating to him.

KRS 61.870, *et seq.*, the Kentucky Open Records Act, makes no exception for records held by incarceration facilities or requests for public records made by prison inmates. Kentucky State Penitentiary, and other Kentucky facilities, are required to comply with open records requests. OAG 92–64. KRS 61.871 requires that "the exceptions provided [in the Open Records Act] . . . shall be strictly construed. . . ." Under such circumstances, this Court finds that Blair was improperly denied copies of public records he sought. KRS 61.880 defines the steps to be taken by a litigant when an open records request is denied. This statute provides that the complaining party may notify the Attorney General of the denial of his request for inspection and request an opinion from the Attorney General regarding the denial. KRS 61.880(2)(a). The complaining party may also file an action in circuit court requesting enforcement of the Open Records Act. KRS 61.882; 61.880(3). Blair complained of this violation in the declaratory judgment action that is the subject of this appeal. We find that the records were denied to Blair in violation of law.

The trial court dismissed Blair's action as moot, due to the fact that the disciplinary action had been expunged from Blair's record. The trial court failed to address the Open Records Act violation claimed by Blair. KRS 61.882(5) entitles

an appellant to an award of costs or attorneys fees for the filing of an action to enforce an open records request. A trial court may also award a fine for the violation, if it feels such fine is appropriate within its discretion.

The failure of the agency to provide the requested records was harmless error as the entire disciplinary proceeding was expunged from Blair's record. No proof has been presented showing that the agency's actions were wilful or that the failure damaged Blair in any way. Appellee merely made a good faith denial of records. For these reasons, Blair is not entitled to recover the discretionary fine provided for in the statute. However, the agency's violation of the Open Records Act entitles Blair to an award of his costs in this matter. This action is remanded for an Order by the trial court entitling Blair to his filing fee, postage and copy costs in prosecuting the Open Records Act violation before the trial court and on appeal.

ALL CONCUR.