James E. LANG, Appellant,

v.

Doug SAPP, Commissioner, Department of Corrections, Commonwealth of Kentucky, Appellee.

No. 2001–CA–000296–MR.

Court of Appeals of Kentucky.

March 8, 2002.

6. *Steelvest, Inc. v. Scansteel Service Center,* *Inc.,* Ky., 807 S.W.2d 476 (1991).

James E. Lang, Lexington, KY, pro se.

Jennifer Hatcher, Department of Corrections, Office of General Counsel, Frankfort, KY, for appellee.

## OPINION

HUDDLESTON, Judge.

James E. Lang appeals from a Fayette Circuit Court order that granted in part his motion for enforcement of an open records request and ordered the Kentucky Department of Corrections (DOC) to supply Lang with the records he had requested. In his application for enforcement of his open records request, Lang, pursuant to Kentucky Revised Statute (KRS) 61.882(5), asked the circuit court to award him costs and to impose a monetary penalty [1] against the DOC.

Lang, an inmate at the Blackburn Correctional Complex (BCC) in Lexington contracted the incurable disease Hepatitis C. Pursuant to the Kentucky Open Records Act,[2] Lang requested the following:

> Copy of the criteria utilized to determine who is eligible for treatment for Hepatitis C and policy or criteria on how the delivery of treatment is completed and any and all criteria on what excludes a person from treatment. A copy of the time frames in which treatment must begin or end.

BCC's medical secretary denied Lang's request in writing. In the denial, the medical secretary failed to set forth "the specific exception authorizing the withholding of the record and a brief explanation of how the exception applies to the record withheld."[3] Lang appealed the denial to the Office of the Attorney General (OAG), which affirmed the DOC's denial.

Pursuant to KRS 61.880(5)(a) and KRS 61.882(1), Lang filed an appeal from the OAG's decision with the circuit court. As noted above, he asked the court to order the DOC to release the requested records, to award him costs and to impose a monetary penalty upon the DOC for violating the Open Records Act. The court ordered the DOC to release the records requested by Lang, but it determined that the DOC had a good faith basis for denying Lang's records request and so denied his request for the imposition of a monetary penalty. The court did not address the issue of costs. Lang moved to alter or amend the

---

1. Ky.Rev.Stat. (KRS) 61.882(5) provides that it is within the discretion of the circuit court to award the person who prevails against any agency under the Open Records Act a sum not to exceed $25.00 for each day that he was denied the right to inspect or copy the records he had sought.

2. KRS 61.870–884.

3. KRS 61.880.

order pursuant to Kentucky Rule of Civil Procedure (CR) 59.05 and asked the court to award costs. When the circuit court denied Lang's motion, he appealed to this Court.

On appeal, Lang argues that the circuit court violated KRS 61.882(5) when it failed to award him costs. The statute provides, in pertinent part, that:

> Any person who prevails against any agency in any action in the courts regarding a violation of KRS 61.870 to 61.884 *may, upon a finding that the records were wilfully withheld in violation of KRS 61.870 to 61.884,* be awarded costs, including reasonable attorney's fees, incurred in connection with the legal action. If such person prevails in part, the court may in its discretion award him costs or an appropriate portion thereof.[4]

Lang argues that since he prevailed against the DOC, he was entitled to recover his costs. In support of this proposition, Lang cites *Blair v. Hendricks*[5] in which an inmate, Blair, incarcerated at the Western Kentucky Correctional Complex, sought disciplinary committee records kept at a different correctional facility. When he was denied access to the records, Blair filed suit in circuit court against the custodian of the records, Hendricks, and argued that the records were denied him in violation of KRS 61.882(5). On appeal, this Court held that Hendricks had violated KRS 61.882(5) by denying Blair the records he sought. We said, in pertinent part, that:

> The failure of the agency to provide the requested records was harmless error[.]

No proof has been presented showing that the agency's actions were wilful or that the failure damaged Blair in any way. Appellee [Hendricks] merely made a good faith denial of records. For these reasons, Blair is not entitled to recover the discretionary fine provided for in the statute. *However, the agency's violation of the Open Records Act entitles Blair to an award of his costs in this matter.*[6]

Lang contends that *Blair* is directly on point. Since the circuit court found that the DOC had violated the Open Records Act, Lang contends, he was entitled to an award of costs.

*Blair* notwithstanding, for Lang to be awarded costs pursuant to KRS 61.882(5), the circuit court must have first made a finding that the DOC wilfully withheld the requested records in violation of the Open Records Act. Even had the court made such a finding, it still had discretion, pursuant to KRS 61.882(5), to award or deny court costs.[7]

In the case *sub judice*, the circuit court determined that the DOC had denied Lang's request in good faith; therefore, the DOC did not wilfully withhold the requested records, although it did violate the Open Records Act. Absent a finding of wilfulness, the circuit court lacked authority to award Lang court costs. To the extent that *Blair v. Hendricks* holds that pursuant to KRS 61.882(5) an award of costs is mandatory when one prevails in an Open Records Act case where there is no finding that the agency acted wilfully in

---

**4.** Emphasis supplied.

**5.** Ky.App., 30 S.W.3d 802 (2000).

**6.** *Id.* at 807 (emphasis supplied). The case was remanded with directions to the circuit court to award Blair his filing fee, postage

and copy costs in prosecuting the Open Records Act violations in the trial court. *Id.* at 807.

**7.** The word "may," as used in the statute, is permissive. KRS 446.010(20).

withholding the requested records, it is overruled.

The dissenters argue that CR 54.04(1) requires that costs be awarded to Lang because he was the prevailing party in this action. The rule, in its entirety, reads as follows:

> Costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the Commonwealth, its officers and agencies shall be imposed only to the extent permitted by law. In the event of a partial judgment or a judgment in which neither party prevails against the other, costs shall be borne as directed by the court.

First, it should be noted that while costs are allowed "as of course" to the prevailing party, trial courts retain the authority to "otherwise direct[ ]," that is, not to award costs to the prevailing party.

■ Second, where, as here, the judgment is rendered against the Commonwealth or one of its officers or agencies, costs can be imposed "only to the extent permitted by law." [8] This is a recognition by the Supreme Court, which is responsible for promulgating the civil rules, that it is solely the prerogative of the General Assembly, with the concurrence of the Governor, to appropriate monies from the general fund to pay court costs.

■ Contrary to the dissenters' view, the jural rights and separation of powers doctrines have nothing to do with this case or with the application of KRS 61.882(5). While it is undoubtedly true that in a civil action involving private parties it is the exclusive province of the Supreme Court to determine upon which party and under what circumstances to impose costs, that Court has, in CR 54.04(1), acknowledged that it is up to the other two branches of government to determine when such costs will be paid by the Commonwealth, its officers and its agencies.

Accordingly, we affirm the order denying Lang costs and overrule *Blair v. Hendricks* to the extent that it holds that an award of costs to the prevailing party in an Open Records Act case is mandatory.

GUDGEL, Chief Judge; BUCKINGHAM, EMBERTON, GUIDUGLI, JOHNSON, KNOPF, McANULTY, and MILLER, Judges; and COREY, Special Judge,[9] concur.

SCHRODER, Judge, dissents in part by separate opinion in which BARBER, DYCHE, and TACKETT, Judges, concur.

COMBS, Judge, not sitting.

SCHRODER, Judge, dissenting in part.

I agree with the Majority's opinion except where it overrules in part *Blair v. Hendricks*, Ky.App., 30 S.W.3d 802 (2000). A "willful withholding" of records is not synonymous with a "good faith" denial of a request. A good faith denial results in a willful withholding, but not all willful withholdings are in good faith. A willful withholding relates to the sufficiency of the request or the sufficiency of the response, whereas a good faith denial acknowledges an adequate request but is accompanied by the response and belief that the record is exempt from disclosure. KRS 61.882(5) provides that a court may, in its discretion, award costs, attorney fees, and a *per diem* fine of up to $25.00, if the court finds the agency willfully withheld the records. CR

---

**8.** The "law" implicated by CR 54.04(1) in this case is KRS 61.882(5).

**9.** Senior Status Judge Mary Corey sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution.

54.04 states that a court *shall* award cost to the prevailing party, although costs against the Commonwealth and its agencies shall be imposed only to the extent permitted by law. KRS 61.882(5) waves sovereign immunity and authorizes costs against the Commonwealth and, thus, when read in conjunction with CR 54.04, *requires* costs to be awarded to the prevailing party against the Commonwealth.

*Blair* holds costs *shall* be awarded, but the *per diem* discretionary fine was subject to the agency's willful actions or the lack of good faith. The Majority here argues the *Blair* Court erred because the word "may" as used in the statute is permissive. While I acknowledge "may" is permissive, the civil rules says costs *shall* be awarded to the prevailing party. *O'Bryan v. Hedgespeth,* Ky., 892 S.W.2d 571 (1995), discusses the Kentucky Constitution Section 116 and holds that rules of practice and procedure are a matter for the Supreme Court, and legislative intervention violates the "separation of powers" doctrine, as well as the "jural rights" doctrine.

The *Blair* decision holds that the Commonwealth and its agencies shall pay costs whenever the records are erroneously withheld. *Blair* requires some accountability for a government that is supposed to serve the people, and *Blair* is consistent with the civil rule. I would not overrule *Blair*.

BARBER, DYCHE, and TACKETT, Judges, concur in this opinion.