Zayer Antonio ADAMS, Appellant,

v.

Joseph MEKO, Appellee.

No. 2010–CA–001410–MR.

Court of Appeals of Kentucky.

May 27, 2011.

Zayer Antonio Adams, Sandy Hook, KY, pro se.

Wesley W. Duke, Justice & Public Safety Cabinet, Frankfort, KY, for appellee.

Before TAYLOR, Chief Judge; STUMBO, Judge; LAMBERT,[1] Senior Judge.

## OPINION

LAMBERT, Senior Judge:

Zayer Antonio Adams, a state prison inmate proceeding *pro se*, appeals from the judgment of the Franklin Circuit Court that dismissed his petition for declaration of rights. Appellant's petition challenged the imposition of penalties resulting from a prison disciplinary proceeding. Appellant argues that he did not receive procedural due process with respect to his adjustment hearing and that the decision of the adjustment hearing officer was unsupported by the evidence. We disagree and affirm.

This case arose from an incident that took place on March 12, 2010, at the Little Sandy Correctional Complex in Sandy Hook, Kentucky, where Appellant is an inmate. According to the disciplinary report filed following the incident, prison case manager Lisa Brickey observed Appellant entering his housing unit with two new mattresses. When asked by Brickey why he had them, Appellant told her that "he was on a list at Laundry, had put in a request for new mattresses, and the Laundry Officer gave them to him." However, when this information was relayed to Unit Director Terry Hall, Hall immediately confiscated the mattresses and told Appellant that he had not been approved for new ones. Brickey then phoned the prison's laundry officer, Andrew Shelley, and was told that there was no such list and that Appellant had advised Shelley that he had been sent over to get a new mattress. Officer Shelley then told Brickey that Appellant had requested a third mattress and was on his way back to his unit with it. This mattress was also confiscated. In a subsequent statement, Officer Shelley indicated that when Appellant picked up the first two mattresses, he told Shelley that he had been sent over by Hall to obtain one mattress for him and one for his cellmate. Shelley further indicated that when Appellant returned to pick up the third mattress, he told Shelley that he had been sent over by "medical" and that the other two mattresses had been taken by Hall and given to other inmates.

Appellant was subsequently charged with a violation of Category IV, Item 11 of Kentucky Department of Corrections Policies and Procedures (CPP) 15.2, which prohibits inmates from obtaining money, goods, services, or privileges under false pretenses. Appellant was provided with a copy of the investigation report on March

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

16, 2010, at which time he acknowledged receipt of the form and pled "not guilty" to the charge. Appellant was also given an opportunity at that time to request any witnesses to testify on his behalf, but he did not do so.

An adjustment hearing was conducted on March 31, 2010. At the hearing, Appellant requested two witnesses, Officer Shelley and Captain James Green. However, the adjustment hearing officer declined Appellant's request because it had not been submitted at least 24 hours before the hearing and because Officer Shelley's statement about the incident was already in the record. After hearing Appellant's version of events, in which he blamed the incident on a "misunderstanding," Appellant was found guilty of the charged offense for the reasons set forth in the disciplinary report, i.e., for attempting to mislead prison personnel about his authority to obtain new mattresses. He was assessed a penalty of 45 days' disciplinary segregation and a forfeiture of 60 days' good-time credit. However, Warden Joseph Meko subsequently reduced the charge to a Category III, Item 2 violation and reduced Appellant's penalty to 15 days' disciplinary segregation and a forfeiture of 30 days' good-time credit.

On May 7, 2010, Appellant filed a petition for declaration of rights in Franklin Circuit Court in which he alleged that he had been denied due process at the adjustment hearing because he was not allowed either of the witnesses he had requested for the hearing.[2] Appellant asked for his good-time credit to be restored and for his record to be expunged. However, the cir-

cuit court entered an order dismissing Appellant's petition for failure to state a claim upon which relief could be granted. This appeal followed.

Before addressing the merits of Appellant's appeal, we first note as a preliminary matter that although Appellant's petition was dismissed pursuant to CR 12.02(f), Appellee's motion to dismiss was supplemented with additional exhibits outside of Appellant's petition. Because of this, the motion to dismiss effectively became one for summary judgment; therefore, we conduct our review accordingly. CR 12.02; CR 12.03; *Kreate v. Disabled American Veterans,* 33 S.W.3d 176, 178 (Ky.App.2000); *Cabinet for Human Resources v. Women's Health Services, Inc.,* 878 S.W.2d 806, 807 (Ky.App.1994).[3] In the context of an appeal of a disciplinary decision by the Department of Corrections, the following standard of review is applicable:

In these circumstances we believe summary judgment for the Corrections Department is proper if and only if the inmate's petition and any supporting materials, construed in light of the entire agency record (including, if submitted, administrators' affidavits describing the context of their acts or decisions), does not raise specific, genuine issues of material fact sufficient to overcome the presumption of agency propriety, and the Department is entitled to judgment as a matter of law. The court must be sensitive to the possibility of prison abuses and not dismiss legitimate petitions merely because of unskilled presentations. *Jackson v. Cain,* 864 F.2d 1235 (5th Cir.1989). However, it must

---

**2.** Appellant also raised a number of other issues that are not pertinent to this appeal.

**3.** Moreover, we have previously held that "a motion for summary judgment provides, in

most cases, the most appropriate procedure and standards for addressing these petitions." *Smith v. O'Dea,* 939 S.W.2d 353, 355 n. 1 (Ky.App.1997).

also be free to respond expeditiously to meritless petitions. By requiring inmates to plead with a fairly high degree of factual specificity and by reading their allegations in light of the full agency record, courts will be better able to perform both aspects of this task.

*Smith,* 939 S.W.2d at 356.

On appeal, Appellant claims that: (1) he did not receive adequate procedural due process because he was denied two witnesses, and (2) the Department's disciplinary decision was not supported by the evidence.[4] As for Appellant's due process allegation, the United States Supreme Court has recognized that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974); *see also Webb v. Sharp,* 223 S.W.3d 113, 117 (Ky.2007). Thus, "[m]inimal due process is all that is required regarding a person detained in lawful custody." *McMillen v. Kentucky Dept. of Corrections,* 233 S.W.3d 203, 205 (Ky.App.2007).

■ Nonetheless, with respect to such disciplinary proceedings, inmates must receive:

(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent, Mass. Correctional Inst., Walpole v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985); *see also Webb,* 223 S.W.3d at 117–18. "[S]o long as the conditions or the degree of confinement to which the prisoner is subjected do not exceed the sentence which was imposed and are not otherwise in violation of the Constitution, the due process clause of the Fourteenth Amendment does not subject an inmate's treatment by prison authorities to judicial oversight." *Mahoney v. Carter,* 938 S.W.2d 575, 576 (Ky.1997); *see also McMillen,* 233 S.W.3d at 205.

■ Appellant argues that he was denied procedural due process because his requested witnesses were rejected by the adjustment hearing officer. However, he has failed to allege any facts that would demonstrate that a due process violation has occurred here. The adjustment hearing officer declined Appellant's request because it had not been submitted at least 24 hours before the hearing and because Officer Shelley's statement about the incident was already in the record. CPP 15.6(II)(C)(5)(a)(2) provides that an inmate must "[i]dentify to the Adjustment Committee or Adjustment Officer what witnesses he has selected not less than twenty-four (24) hours prior to the initial hearing." Appellant failed to do so in this case.

Moreover, we believe that any testimony from those witnesses would have been of dubious value. For example, according to Appellant, he discussed the subject incident with Captain Green (one of his requested witnesses) after the fact, but there is no indication that Captain Green wit-

4. Appellant also raises a number of other issues that were not presented at the disciplinary hearing and/or to the circuit court. Therefore, they are unpreserved for our review and we will address only those matters properly raised below. *See* KRS 454.415(1); *Houston v. Fletcher,* 193 S.W.3d 276, 278 (Ky.App.2006); *Goben v. Parker,* 88 S.W.3d 432, 433 (Ky.App.2002).

nessed or was otherwise involved in any of the events leading to the disciplinary charge. Thus, the value of any testimony he might have offered on the matter is doubtful. Furthermore, Officer Shelley had already given a handwritten, signed statement about the subject incident, and the facts recited therein differed significantly from those that Appellant alleged Shelley would have testified to. Under these circumstances, we do not believe that Appellant was deprived of due process.

■■■ Appellant further contends that the disciplinary penalties imposed against him were unsupported by the evidence. The U.S. Supreme Court has held that the requirements of due process are satisfied if "some evidence" exists to support the adjustment hearing officer's decision. *Hill,* 472 U.S. at 455, 105 S.Ct. at 2774; *see also Webb,* 223 S.W.3d at 118. The only relevant question for our consideration in this respect "is whether there is **any** evidence in the record that could support the conclusion reached by the disciplinary [officer]." *Hill,* 472 U.S. at 455–56, 105 S.Ct. at 2774 (Emphasis added); *see also Webb,* 223 S.W.3d at 118. Even "meager" evidence has been found to meet this burden. *Hill,* 472 U.S. at 457, 105 S.Ct. at 2775. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.,* 472 U.S. at 455, 105 S.Ct. at 2774. When the "some evidence" standard is met, we are obligated to affirm the adjustment hearing officer's decision. *Yates v. Fletcher,* 120 S.W.3d 728, 731 (Ky.App.2003). In conducting our review, we must bear in mind that prison officials are afforded broad discretion in prison disciplinary matters. *Id.; Gilhaus v. Wilson,* 734 S.W.2d 808, 810 (Ky.App.1987).

The evidence submitted at the adjustment hearing was sufficient to satisfy the "some evidence" standard. The adjustment hearing officer adopted the facts set forth by the investigating officer in the disciplinary report form, and these facts supported the officer's findings of guilt. Given our limited authority to review cases such as these, nothing more need be considered.

For the foregoing reasons, the decision of the Franklin Circuit Court is affirmed.

ALL CONCUR.