**James FOLEY, Appellant,**

v.

**Steve HANEY;  and Mark Kilburn, Appellees.**

No. 2010–CA–001240–MR.

Court of Appeals of Kentucky.

Aug. 5, 2011.

James Foley, Burgin, KY, pro se.

No Brief Filed For Appellees.

Before KELLER and LAMBERT,

Judges; SHAKE,[1] Senior Judge.

## OPINION

KELLER, Judge.

James Foley (Foley) appeals from the trial court's order denying his petition for declaratory judgment. On appeal, Foley argues that he was deprived of due process by a prison hearing officer and that the trial court erred when it failed to reverse the hearing officer's findings. The appellees have not filed a brief in response to this appeal. For the following reasons, we vacate and remand.

## FACTS

On July 24, 2009, an inmate suffered severe injuries in an altercation. Following the altercation, Foley was charged with taking action that resulted in serious physical injury to another inmate. It is unclear whether that charge was based on his presence during, or participation in, the altercation. Regardless, Foley denied participating in the altercation or being present, noting that he had been either in the medical unit receiving an insulin injection or eating in the cafeteria at the time. In order to prove that he was not present, Foley requested copies of the medical facility and cafeteria records, which he states would show when he was present at each location. It does not appear that Foley was provided with those records.

On October 20, 2009, Foley attended a hearing. The audiotape recording of that hearing is barely audible; however, based on what we can hear, the hearing officer reviewed medical records/reports related to the inmate's injuries and stated that he had a report based on confidential information. When asked if there was more than one informant, the hearing officer stated that he could not say. When asked if he deemed the informant(s) to be reliable, the hearing officer said that he did. When asked the basis for finding the informant(s) reliable, the hearing officer said that he could not reveal that information. However, he did state that he had the information with him at the hearing.

It is unclear if the hearing officer had or reviewed the records from the medical unit and cafeteria that Foley requested. However, the hearing officer heard Foley's statements that he could not have been at the scene because he was in the medical unit and/or cafeteria at the time, and that he had no history of violent behavior in his six-plus years of institutionalization.

Following the hearing, the hearing officer found as follows: "According to the investigation conducted by Sgt. Humfleet, [Foley] was placed where the assault took place.... Due to the investigation conducted by Sgt. Humfleet and medical records, I find [Foley] guilty." The hearing officer recommended that Foley be ordered to make restitution for the injured inmate's medical expenses; that he serve 180 days of disciplinary segregation; and that he lose 730 days of good-time credit. Foley appealed the hearing officer's findings to the warden, who found no violations of Foley's due process rights and agreed that the charge and penalty were appropriate. Foley then filed a declaration of rights action in circuit court.

In his circuit court action, Foley contended, in pertinent part, that he was not provided with the documentation he requested and that the hearing officer did not provide a written statement regarding the basis for his determination that the

---

1. Senior Judge Ann O'Malley Shake sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statute(s)(KRS) 21.580.

confidential informant was reliable. In their response, the appellees acknowledged that the hearing officer did not state why he found the informant to be credible. However, they argued that "it is apparent that the information was deemed reliable by the adjustment officer and the investigator." Furthermore, they argued that the hearing officer's findings were supported by "the statements of Officers T. Long and J. Cabrera that the Petitioner voiced his intention to kill staff and then began throwing objects toward staff." Finally, they noted that the hearing officer mentioned medical records in his findings, and they concluded that the hearing officer reviewed Foley's medical records.

In his reply, Foley reiterated his argument that the hearing officer was required to provide a written statement setting forth the reasons he found the informant to be reliable. He also correctly noted that there are no statements or even any references to any statements in the record from Officers T. Long or J. Cabrera. Finally, he noted that it is unclear what medical records the hearing officer reviewed.

Based on the preceding, the trial court denied Foley's petition. In doing so, the court stated that the disciplinary proceedings comported with the minimal due process and evidentiary requirements set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985). Furthermore, the court found that "although the report did not specifically state why the [confidential] information was deemed reliable, it is apparent from the report that such a finding was made." It is from this order that Foley appeals.

## STANDARD OF REVIEW

In reviewing prison disciplinary proceedings, "[t]he court seeks not to form its own judgment, but, with due deference, to ensure that the agency's judgment comports with the legal restrictions applicable to it." *Smith v. O'Dea*, 939 S.W.2d 353, 355 (Ky.App.1997). If there is some evidence to support the outcome, the court should not interfere with the disciplinary proceedings. *Walpole*, 472 U.S. at 455, 105 S.Ct. at 2774. With these standards in mind, we analyze the issues raised by Foley on appeal.

## ANALYSIS

At the outset, we note that, because the appellees failed to file a brief, we could treat that failure as a confession of error and simply reverse the circuit court's judgment. Kentucky Rule(s) of Civil Procedure (CR) 76.12(8). However, because the issues raised by Foley are ones that are likely to reoccur, we choose to address them more fully.

On appeal, Foley argues that the hearing officer's findings are deficient for two reasons: (1) the hearing officer did not set forth why he found the informant to be reliable; and (2) prison officials intentionally withheld the medical facility and cafeteria records he requested. We agree with Foley as to the first issue and in part as to the second issue.

The circuit court correctly found that, when a disciplinary hearing may result in loss of good-time credits, the inmate is entitled to

(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on

and the reasons for the disciplinary action.

*Walpole,* 472 U.S. at 454, 105 S.Ct. at 2773. The record indicates that prison authorities gave Foley sufficient notice of the disciplinary charges against him, therefore meeting the first requirement. Furthermore, Foley was permitted to testify at the hearing, thus meeting, in part, the second requirement. Finally, the hearing officer provided a written statement of the evidence he relied on and, although not detailed, the reasons for the disciplinary action, thus meeting, at least in part, the third requirement.

However, the proceedings were deficient, in part, with regard to both the second and third requirements. As to the second requirement, the hearing officer's written statement indicates that he reviewed "medical reports." On the audiotape recording, the hearing officer recites the inmate's injuries from what, apparently, are his medical records. However, there is no discernable mention on the audiotape recording or any mention on the written statement that the hearing officer reviewed Foley's medical records regarding his receipt of an insulin injection on the date of the altercation. Furthermore, the hearing officer does not mention whether he had been provided with or reviewed the cafeteria records Foley requested. Foley had a right to request and have the hearing officer review those records; therefore, the proceedings were deficient to the extent the hearing officer did not have or review the records Foley requested. Furthermore, the hearing officer's written statement was deficient to the extent it did not recite that the requested records were reviewed or, if not reviewed, explain why not.

■ As to the third requirement, the hearing officer stated at the hearing that he was relying on a confidential informant

or informants, who he found to be reliable. However, the hearing officer did not set forth the reasons he determined the informant(s) to be reliable and, in fact, refused to do so. This failure by the hearing officer to give the reasons for finding the informant reliable fails to satisfy the third requirement for two reasons. First, the prison's policies and procedures manual states that, while evidence from a confidential informant may be used in a disciplinary hearing, the "[i]nformation shall not be obtained in exchange for the promise of a favor or preferential treatment." Kentucky Corrections Policies and Procedures (KCPP) 9.18(II)(A). Therefore, the hearing officer should have, at a minimum, stated that no promises had been made to the informant(s). Furthermore, before relying on confidential information, a hearing officer must determine that the informant is reliable. Reliability can be determined "by a record of past reliability or by other factors that reasonably convince the adjustment officer or committee of the confidential informant's reliability." KCPP 9.18(II)(D)(6)(a). In determining reliability, the hearing officer can consider the frequency with which the informant has provided information, the time period during which information has been provided, the accuracy of information provided, or other factors that tend to show reliability. KCPP 9.18(D)(II)(6)(b). Once a determination as to reliability has been made, the hearing officer must include in his report the basis for that finding. KCPP 9.18(D)(II)(7). As noted above, neither the hearing officer's oral statements at the hearing or his written statement comply with these requirements.

Second, even if the appellees are not bound by their own regulations, they are bound by the limits of due process as set by this Court and the Sixth Circuit Court of Appeals. This Court, in *Gilhaus v.*

*Wilson,* 734 S.W.2d 808, 810 (Ky.App. 1987), agreed with the Federal District Court for the Western District of Kentucky that a disciplinary committee must make a determination that a confidential informant is trustworthy. *See Goble v. Wilson,* 577 F.Supp. 219 (W.D.Ky.1983). That requirement can be fulfilled by a statement that the committee found the informant to be reliable and some reference to the verification procedure used. *Gilhaus,* 734 S.W.2d at 810. In *Gilhaus,* the committee met this requirement by indicating that "the declarations of the informant[s] were confirmed by polygraph examinations." *Id.*

Furthermore, the United States Sixth Circuit Court of Appeals held that:

In cases in which prisoner misconduct is found upon evidence consisting entirely, or even substantially, of the statement of an investigating officer that he has been told by confidential informants that the misconduct occurred, and that the investigator believes the informant to be reliable, there must be some independent determination by the committee of the informant's reliability. In such cases, unless the committee makes an independent determination about what the facts of the alleged misconduct are by deciding, minimally, that the hearsay information has been supplied by a reliable informant, it is merely recording the findings made by the investigating officer who has made a determination about the informant's reliability, without making any determination for itself about the informant's reliability or even the basis for the investigator's opinion that the informant is reliable. To proceed in that fashion is not fact finding. It is recordkeeping.

*Hensley v. Wilson,* 850 F.2d 269, 276 (6th Cir.1988).

The Court further held that:

A contemporaneous written record must be made of the evidence relied upon. If, because of efforts to protect informant anonymity, the evidence in support of disciplinary action supplied to the inmate fails to meet the constitutional minimum of "some evidence," more detailed evidence, sufficient to meet constitutional standards, must be placed in a nonpublic record.

*Id.* at 283.

Reading these opinions together, we believe that a prison disciplinary committee or hearing officer must, at a minimum, state that the evidence provided by a confidential informant has been reviewed and has been found to be reliable. Furthermore, there must be some reasoning supplied to support the determination of reliability. In the event the committee or hearing officer determines that making any of these statements would jeopardize the confidential informant, the committee must at least indicate as much. Herein, the hearing officer stated that he had the information provided by the investigating officer and that he found the confidential informant to be reliable. However, he refused to set forth any reasons to support his finding of reliability, stating that he could not reveal "the information" to Foley. The hearing officer had not been asked to reveal the information from the confidential informant and was not required to do so. He was required to either give a reason to support his finding of reliability or to state that providing a reason would jeopardize the informant. He did neither.

Based on the preceding, we hold that the appellees did not provide Foley with the minimal due process afforded to inmates in prison disciplinary proceedings. Therefore, we vacate the circuit court's order affirming the prison disciplinary action against Foley. Furthermore, we re-

mand this matter to the circuit court with instructions for it to remand to the appellees so that the hearing officer can provide a reason for his determination of informant reliability. In the event the appellees have a good faith belief that making a statement regarding the reason(s) the hearing officer found the informant to be reliable will put the informant in jeopardy, they must indicate that on the record. Furthermore, the appellees must make the records Foley requested available to him unless doing so would jeopardize institutional safety. In that event, the hearing officer must review the records and indicate in his written statement that he undertook the review and whether the records confirm or contradict Foley's version of events.

The appellees should note that we are not requiring the hearing officer to reach a different conclusion. We recognize that the hearing officer stated that he had made an independent determination of reliability and that the confidential information is "some evidence," *Hensley,* 850 F.2d 269 at 283, sufficient to support his determination. Furthermore, we recognize that this opinion may appear to elevate form over substance, and we further recognize that prisoners are not entitled to the full panoply of process due non-prisoners. However, prisoners are entitled to the limited process that is their due and, by providing that process to them, the number of these appeals may be reduced. If that does not occur, a more complete record will at least permit the courts to better evaluate these claims on appeal.

### CONCLUSION

The appellees failed to comport with the minimum standards of due process. Therefore, the circuit court's order denying Foley's petition for declaratory judgment is reversed and this matter is remanded for additional proceedings consistent with this opinion.

ALL CONCUR.