Walter H. DYSON, Appellant,

v.

W. J. KOCIK, C. D. Rodgers, W. A. Adams, R. P. Weaverling, Lowell D. Hewitt, Mr. Polte, Appellees.

No. 82-3020.

United States Court of Appeals, Third Circuit.

Argued July 20, 1982.

Decided Oct. 5, 1982.

Richard G. Fishman (Argued), Keystone Legal Services, Inc., State College, Pa., for appellant.

Gregory R. Neuhauser (Argued), Deputy Atty. Gen., LeRoy S. Zimmerman, Atty. Gen., Frank R. Filipi, Sally A. Lied, Deputy Attys. Gen., Criminal Justice Agencies, Harrisburg, Pa., for appellees.

Before ADAMS and HIGGINBOTHAM, Circuit Judges and TEITELBAUM,* Chief Judge.

## OPINION OF THE COURT

TEITELBAUM, Chief Judge.

This is an appeal from an order entering judgment in favor of all defendants in a civil rights action. This Court has jurisdiction under 28 U.S.C. § 1291 (1976).

Walter H. Dyson, then an inmate at the State Correctional Institution at Huntington, Pennsylvania, brought an action against certain prison officials under 42 U.S.C. § 1983 (1976). Dyson alleged he was suspected of bringing drugs into the prison on his return from an authorized home furlough and was therefore restrained in the prison infirmary and required to take a laxative. Dyson claimed the conditions of his confinement in the infirmary and the administration of a laxative by a non-physician violated his Fourth, Fifth, and Eighth Amendment rights. Dyson further claimed a subsequent prison disciplinary proceeding in which he was found guilty of possession of contraband, identified as one red balloon and an unidentified substance, violated his Fourteenth Amendment right to due process.

Dyson filed a motion for summary judgment on the due process claims. He contended that the disciplinary committee failed to provide him with a written statement of the evidence it relied upon and the reasons for the disciplinary action taken as required under *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). By memorandum dated December 9, 1980, the district court expressed reservations about the adequacy of the written statement provided Dyson, but concluded

* The Honorable Hubert I. Teitelbaum, Chief Judge, United States District Court for the Western District of Pennsylvania, sitting by designation.

that when read in conjunction with the staff member's version of the incident, the statement satisfied *Wolff.* Dyson's contentions that the notice of misconduct was inadequate and that the prison regulation proscribing possession of contraband was vague were rejected without discussion.

Dyson next filed a motion to alter or amend the December 9, 1980 order denying his motion for summary judgment. By order entered July 1, 1981, the district court amended its prior decision. The district court found the results of a test identifying a substance found in Dyson's feces as marijuana were unreliable, but the court left unaltered its prior denial of Dyson's motion for summary judgment.

The defendants subsequently filed a motion for summary judgment which was denied orally. After a jury trial on the other issues, summary judgment was granted in favor of the defendants on the due process claims for the reasons set forth in the memoranda of December 9, 1980 and July 1, 1981. This appeal followed.

On appeal Dyson contends the district court erred in several respects: in denying his motion for summary judgment on the due process claims and in subsequently granting summary judgment for the defendants thereon, in submitting a good faith defense to the jury, in admitting certain evidence, in its instruction to the jury and in one special verdict question. We find it necessary to address only the first of these contentions. As to the others, we conclude the district court did not err.

It is well established that prison disciplinary proceedings must afford an inmate due process, in both its procedural and substantive aspects. As the district court correctly recognized, *Wolff v. McDonnell, supra,* sets forth procedures, including prior written notice of misconduct and a written statement by the factfinders of the evidence relied upon and the reasons for the disciplinary action taken, designed to afford an inmate due process in a prison disciplinary proceeding. *Meyers v. Alldredge,* 492 F.2d 296, 310–11 (3d Cir. 1974) suggests

considerations against which a prison regulation may be tested to determine whether or not it affords an inmate due process. *See, e.g., Edwards v. White,* 501 F.Supp. 8, 13–14 (M.D.Pa.1979) (prison regulation at issue in the present case invalid as applied to possession of a petition), *aff'd mem.,* 633 F.2d 209 (3d Cir. 1980).

In *Wolff v. McDonnell, supra,* the Court, speaking through Mr. Justice White said:

We think a person's liberty is equally protected, even when the liberty itself is a statutory creation of the State. The touchstone of due process is protection of the individual against arbitrary action of government, *Dent v. West Virginia,* 129 U.S. 114, 123, 9 S.Ct. 231, 233, 32 L.Ed. 623 (1889). Since prisoners in Nebraska can only lose good time credits if they are guilty of serious misconduct, the determination of whether such behavior has occurred becomes critical, and the minimum requirements of procedural due process appropriate for the circumstances must be observed.

418 U.S. at 559, 94 S.Ct. at 2976.

■ Using the *Wolff* standard, a misconduct conviction must include a meaningful written statement of the evidence relied on and the reasons for the action taken. *Wolff, supra* at 565, 94 S.Ct. at 2979. In this case it is difficult to ascertain whether the Hearing Committee made findings as to the *specific* acts of misconduct. Rather, it appears that the guilty verdict seemed to be a blurred amalgamation of committee members' reactions. The guilty finding sanctioned all of the charges although the committee believed that Dyson was guilty on only one of them. The misconduct report reads as follows:

MISCONDUCT

Contraband, Unidentifiable Substance, & One Red Baloon (sic).

STAFF MEMBER'S VERSION

At appx. 1100 hrs; Inmate had a bowel movement in a bed pan. Upon the orders of Deputy Kocik; I checked the feces and

saw an unidentifiable substance in the feces wrapped up in toilet paper. I also found a red baloon (sic) on the floor by his bed. I gave the contraband: and filled out a JBC–154A, and gave both to Lt. Clemens.

Appendix, Vol. 1, 29.

The committee ordered that Dyson's level of program participation be reduced, the "contraband" be confiscated and his pre-release status revoked. Then on the report in the section which says "Use Space Below to Indicate Findings of Facts," it noted:

Rationale: Inmate is guilty of misconduct as written.

It appears that Dyson was charged with and found guilty of possession of two separate items of contraband: marijuana and a balloon. The identification of the substance possessed by Dyson as marijuana was subsequently determined to be impermissible. In determining .the adequacy of the notice of misconduct, the sufficiency of the disciplinary committee's statement and the appropriateness of the charge, both items of contraband should be considered. It may be determined that each item will compel its own result: for example, it may be found that the notice of misconduct adequately informed Dyson that he was charged with possession of a balloon as contraband, but did not adequately inform him that he was charged with possession of a substance identified as marijuana.

Compared with the standards announced in *Wolff v. McDonnell,* the rationale which supports the findings in this case is so vague that the verdict constitutes a violation of the minimum requirements of due process. Presumably, it is not a crime or "serious misconduct" for a person to have an "unidentifiable substance" in his feces. However, it could be serious misconduct for one to have contraband on his person or in his feces.

In a case such as this one, it would have been permissible perhaps for the Hearing Committee to conclude that the red balloon was some type of contraband. However, the committee's generalized conclusion that the "Inmate is guilty of misconduct as written" seems to suggest that Dyson was guilty of each offense charged. To make an "unidentifiable substance" found in the feces the foundation for a finding of guilt is arbitrary and a violation of Dyson's due process rights. If the charge had solely been having a "red balloon as contraband," the generalized finding of "guilty of misconduct as written" would have met the minimum requirements of procedural due process.

We are sensitive to the difficult task faced by a trial court endeavoring to apply standards such as those we have recited to facts developed in the course of litigation. However, because we cannot be assured on the record before us that these standards were correctly applied, we are constrained to vacate the grant of summary judgment for the defendants on the due process claims and remand the case for further proceedings. It may be that on remand, it will be determined that there are critical conflicting inferences lurking beneath the surface factual harmony which would make these issues appropriate for submission to a factfinder rather than for summary disposition.

The judgment in favor of defendants Hewitt, Rodgers, and Polte will be vacated and the case will be remanded for further proceedings consistent with this opinion. The judgment of the district court will be affirmed in all other respects.