*352 OPINION
PER CURIAM.
Gregory Bonaparte, a pro se inmate, appeals the order of the District Court (1) granting summary judgment for Appellants on eleven counts for failure to exhaust administrative remedies, and (2) dismissing the remaining two counts of his complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, we will affirm in part, vacate in part, and remand for further proceedings.
I.
In November 2007, Bonaparte, then a prisoner at Federal Correctional Institution — Loretto (“Loretto”) in Pennsylvania, filed a Bivens action in the District Court against seven Loretto prison officials. Bonaparte’s complaint set forth more than 100 paragraphs of factual allegations and thirteen counts of constitutional violations. Bonaparte claimed that in retaliation for filing grievance forms, defendants reassigned him to a degrading job, filed false incident reports, failed to timely file his administrative appeal, terminated his job, and segregated him in confinement. He claimed that the defendants violated his Due Process and Equal Protection Rights, as well as his rights under the First Amendment. Bonaparte also raised general claims of racial harassment, alleging that the above actions were never imposed on white inmates who filed grievances against Defendant Beck.
Defendants moved to dismiss Bonaparte’s complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The matter was referred to a Magistrate Judge who recommended that the court, sua sponte, convert defendants’ Rule 12(b)(6) motion to dismiss into a motion for summary judgment. In April 2009, the Magistrate Judge submitted a Report and Recommendation, recommending that the court grant summary judgment for defendants on eleven counts for failing to exhaust administrative remedies and dismiss the remaining two counts for failing to state a claim under 28 U.S.C. § 1915(e)(2)(B). By order entered May 27, 2009, the District Court adopted the report and recommendation, dismissing Bonaparte’s claims against all defendants. The District Court received Bonaparte’s objections to the Magistrate Judge’s Report after issuing the order. On Bonaparte’s motion, the court reconsidered the matter de novo on June 19, 2009, and reached the same result, vacating and reinstating the May 27, 2009 order. Bonaparte now appeals from the District Court’s order.
II.
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court’s entry of summary judgment and dismissal for failure to state a claim. See Torretti v. Main Line Hosps., Inc., 580 F.3d 168, 172 (3d Cir.2009); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir.1999). We may affirm on any grounds supported by the record. Id.
Defendants brought a motion to dismiss, but referred to matters outside the pleadings, and thus, the District Court partially treated their motion as one for summary judgment under Rule 56. See Fed.R.Civ.P. 12(d). A district court must provide notice of its intention to convert a motion to dismiss and allow a plaintiff a “reasonable opportunity to present all the material that is pertinent to the motion.” Fed.R.Civ.P. 12(d); see also Rose v. Bartle, 871 F.2d 331, 340 (3d Cir.1989). The failure to give adequate notice does not, however, require automatic reversal; it *353 may be excused if the failure was a “harmless error.” Id. at 342. To the extent that the District Court may have failed to give Bonaparte adequate opportunity to respond to its conversion, we conclude that any such error was harmless, as Bonaparte concedes that he did not properly exhaust administrative remedies and abandons all claims against all Defendants other than Defendant Beck. (See Appellant Br., p. 2, n. 1.)
The District Court dismissed Bonaparte’s remaining two claims — retaliation claims the Defendants concede were exhausted — for failure to state a claim pursuant to 28 U.S.C. § 1915(e).[1] (See Report, p. 1.) When reviewing a complaint dismissed under § 1915, this Court applies the same standard provided in Rule 12(b)(6). See Tourscher, 184 F.3d at 240. In determining whether a district court properly dismissed a complaint under Rule 12(b)(6), this Court must “accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.” Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008). “To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to ‘state a claim that is plausible on its face.’ ” Ashcroft v. Iqbal, — U.S. -, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
A prisoner bringing a retaliation claim must show that: (1) the conduct that triggered the alleged retaliation was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials that “was sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights”; and (3) there is “a causal link between the exercise of his constitutional rights and the adverse action taken against him.” Rauser v. Horn, 241 F.3d 330, 333 (3d Cir.2001) (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir.2000)). The District Court concluded that Bonaparte did not meet the first prong of this test because the grievance he filed against Defendant Beck, in which he asked for a transfer, was not constitutionally protected conduct. (See Report, p. 7.)
Having carefully reviewed the record and the parties’ submissions, we conclude that the facts that Bonaparte alleged were sufficient to state at least the first two prongs of a claim of retaliation, especially given that Bonaparte is proceeding pro se. See Alston v. Parker, 363 F.3d 229, 234 (3d Cir.2004) (stating that courts should construe pro se complaints liberally). Bonaparte’s complaint specifically alleges that he filed a grievance requesting a transfer to another cable line because his supervisor “was disrespectful when communicating with him” and because she “did not favor him leaving his job to go and prepare his legal materials.” (See Complaint, p. 3.) Bonaparte further alleged that in retaliation for filing the grievances, his supervisor filed a false incident report against him. (See Complaint, p. 8.) Unlike the *354 Magistrate Judge, we believe these allegations are sufficient to meet the pleading requirements for the first and second prongs of the Rauser test. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir.2003) (holding that pro se prisoner’s allegations that he was falsely charged with misconduct in retaliation for filing a complaint against a prison officer stated claim for retaliation in violation of the First Amendment). The Magistrate Judge did not make a determination as to whether Bonaparte met the third prong of the Rauser test, and we will remand for such a determination.
If, on remand, the District Court determines that the facts alleged in the complaint are insufficient to meet the third prong of a retaliation claim, Bonaparte should be provided an opportunity to file an amended complaint. An indigent plaintiff who has filed a complaint subject to dismissal under 28 U.S.C. § 1915 should be given an opportunity to file an amended complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-11 (3d Cir.2002).
III.
In light of the above, we will vacate the District Court’s order dismissing Counts I and II for failure to state a claim, and we will remand for further proceedings. We will affirm the District Court’s order granting summary judgment as to Bonaparte’s remaining claims for failure to exhaust administrative remedies.

. The Government argues that the District Court dismissed the remaining two claims under a summary judgment standard. However, the Magistrate Judge’s Report, which was adopted by the District Court, recommends dismissing Counts I and II for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). (See Report, p. 1.) To the extent that Bonaparte argues that the Magistrate Judge lacked authority to issue a Report and Recommendation, a district judge may authorize a magistrate judge to prepare findings and recommendations on dispositive matters. See 28 U.S.C. § 636(b)(1); N.L.R.B. v. Frazier, 966 F.2d 812, 816 (3d Cir.1992).