BLD-242                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1947
_____

GREGORY BONAPARTE,
                                        Appellant

v.

DEBBIE BECK, sued in her individual and official capacity;
JAY LITZINGER, sued in his individual and official capacity;
J. BOWE, sued in his individual and official capacity;
STEVE JASO, sued in his individual and official capacity;
M. MILLER, sued in his individual and official capacity;
JOHN A. YOST, sued in his individual and official capacity;
D. SCOTT DODRILL, sued in his individual and official capacity;
L FENCHAK
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 07-cv-00294)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
**July 21, 2011**
Before: SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: August 3, 2011)
_____

OPINION
_____

1

PER CURIAM

Gregory Bonaparte, a pro se inmate, appeals the order of the District Court granting summary judgment to remaining defendant Debbie Beck. Because we conclude that this appeal presents no substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

The following is taken from our non-precedential per curiam opinion, Bonaparte v. Beck, 374 F. App'x 351 (3d Cir. 2010):

> In November 2007, Bonaparte then a prisoner at Federal Correctional Institution-Loretto ("Loretto") in Pennsylvania, filed a Bivens action in the District Court against seven Loretto prison officials. Bonaparte's complaint set forth more than 100 paragraphs of factual allegations and thirteen counts of constitutional violations. Bonaparte claimed that in retaliation for filing grievance forms, defendants reassigned him to a degrading job, filed false incident reports, failed to timely file his administrative appeal, terminated his job, and segregated him in confinement. He claimed that the defendants violated his Due Process and Equal Protection Rights, as well as his rights under the First Amendment. Bonaparte also raised general claims of racial harassment, alleging that the above actions were never imposed on white inmates who filed grievances against Defendant Beck.
>
> Defendants moved to dismiss Bonaparte's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The matter was referred to a Magistrate Judge who recommended that the court, sua sponte, convert defendants' Rule 12(b)(6) motion to dismiss into a motion for summary judgment. In April 2009, the Magistrate Judge submitted a Report and Recommendation, recommending that the court grant summary judgment for defendants on eleven counts for failing to exhaust administrative remedies and dismiss the remaining two counts for failing to state a claim under 28 U.S.C. § 1915(e)(2)(B). By order entered May 27, 2009, the District Court adopted the report and recommendation, dismissing Bonaparte's claims against all defendants. The District Court

2

received Bonaparte's objections to the Magistrate Judge's Report after issuing the order. On Bonaparte's motion, the court reconsidered the matter de novo on June 19, 2009, and reached the same result, vacating and reinstating the May 27, 2009 order.

Bonaparte appealed that order. We vacated the part of the order dismissing his first two retaliation claims and remanded for further proceedings; we affirmed the grant of summary judgment as to his remaining claims for failure to exhaust administrative remedies. After considering Bonaparte's objections to the Magistrate Judge's Report and Recommendation as an amendment to his complaint, the District Court ordered the parties to focus on the issue of whether the sanction imposed on Bonaparte would have been imposed notwithstanding any motivation to retaliate. See Carter v. McGrady, 292, F.3d 152, 158 (3d Cir. 2002). Defendant Beck submitted a response, and the Magistrate Judge recommended summary judgment in favor of Beck. After considering Bonaparte's objections, the District Court granted summary judgment to Beck. Bonaparte filed a timely notice of appeal.

## II.

We have jurisdiction under 28 U.S.C. § 1291. In reviewing a District Court's grant of summary judgment, we apply the same test the District Court applied. Saldana v. Kmart Corp., 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-moving party and drawing all inferences in that party's favor, there is no genuine issue[1] of material fact and the moving

---

[1] Fed. R. Civ. P. 56 was revised in 2010. The standard previously set forth in

party is entitled to judgment as a matter of law.  Id. at 232; Fed. R. Civ. P. 56(a).  The

party opposing summary judgment "may not rest upon the mere allegations or denials of

the . . . pleading," but "must set forth specific facts showing that there is a genuine issue

for trial."  Saldana, 260 F.3d at 232 (quoting Fed. R. Civ. P. 56(e); Matsushita Elec.

Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)).

III.

While a prisoner at FCI-Loretto, Bonaparte filed a grievance requesting a transfer

because his supervisor, defendant Beck, was disrespectful to him.  He claims that Beck

retaliated against him by filing a false incident report charging him with refusing to obey

a staff member's order.  He also claims Beck moved him to the Special Housing Unit

("SHU") and had his work assignment changed to a less favorable position.  In her

response, Beck states that the incident report was not false, and points out that the report

was upheld at each stage of the prison's administrative remedy process.

To state a cause of action for retaliation by prison officials, a prisoner must

demonstrate that he was engaged in constitutionally protected conduct, that the prison

officials caused him to suffer "adverse action," and that his constitutionally protected

conduct was a motivating factor in the officials' decision to discipline him.  Carter v.

McGrady, 292 F.3d at 157-58 (citing Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)).

---

subsection (c) is now codified as subsection (a).  The language of this subsection is unchanged, except for "one word — genuine 'issue' bec[ame] genuine 'dispute.'"  Fed. R. Civ. P. 56 advisory committee's note, 2010 amend.

The Magistrate Judge recommended granting summary judgment in favor of defendant Beck because the discipline report against Bonaparte was upheld after the prison's multi-level review process was completed, and because that finding has never been overturned by any court. There is no evidence suggesting that Bonaparte is innocent or that officials involved in the administrative review process merely adopted Beck's reports of the alleged incident. See Dyson v. Kocik, 689 F.2d 466, 467-68 (3d Cir. 1982); Culbert v. Young, 834 F.2d 624, 630 (7th Cir. 1987). Bonaparte has not overcome Beck's affirmative defense that he was guilty of misconduct. See Carter, 292 F.3d at 158. Accordingly, we agree with the District Court that summary judgment was warranted on Bonaparte's retaliation claim.

Because the appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.