CLD-040                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2367
_____

LA-QUN RASHEED WILLIAMS,
Appellant

v.

LOUIS FOLINO; TRACY SHAWLEY; PAUL PALYA; LT. WILLIAM SHRADER;
D.S.F.M. GILLMORE; C/O SUMEY; C/O BLANCHERD; C/O SMITH; All sued in
their individual capacities; RN NEDRO GREGO; IRMA

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 14-cv-00770)
Magistrate Judge:  Honorable Maureen P. Kelly
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 10, 2016
Before:  FISHER, SHWARTZ and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 17, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

La-Qun Rasheed Williams appeals the Magistrate Judge's final order granting summary judgment in favor of Defendants on his two federal claims, and remanding the remaining negligence claim to Pennsylvania state court. Williams is a prisoner incarcerated at SCI Greene, and is proceeding pro se and in forma pauperis. Because no substantial question is presented, we will summarily affirm the judgment.

Williams initially brought suit based on 42 U.S.C. § 1983 in state court against various officials, coordinators, and officers at SCI Greene. Williams alleged claims under the First Amendment for retaliation; the Eighth Amendment for excessive force, inhumane conditions of confinement, and denial of medical care; the Fourteenth Amendment for due process violations; and Pennsylvania state law for negligence. The Defendants removed the case to the United States District Court for the Western District of Pennsylvania, and the parties consented to jurisdiction by a United States Magistrate Judge.

Defendants moved to dismiss for failure to state a claim. The Magistrate Judge granted the motion in part, dismissing Williams' excessive force, unconstitutional confinement, and Fourteenth Amendment claims, and denied it in part, allowing Williams' retaliation, unconstitutional delay or denial of medical care, and negligence claims to continue. Defendants moved for summary judgment on the remaining claims. The Magistrate Judge granted the motion as to the federal claims and remanded the

constitute binding precedent.

2

remaining negligence claim to Pennsylvania state court. Williams filed a timely notice of appeal followed by a motion for reconsideration, which the Magistrate Judge denied. In his notice of appeal, Williams referenced only the Magistrate Judge's second order, granting summary judgment and remanding to state court.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. Review of the Magistrate Judge's grant of summary judgment is plenary, Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014), and we may affirm on any grounds supported by the record. Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009) (en banc). Summary judgment is proper if the non-moving party fails to sufficiently establish an essential element of the case on which it will bear the burden of proof at trial. Lauren W. v. DeFlaminis, 480 F.3d 259, 266 (3d Cir. 2007). Mere allegations are insufficient to convince a reasonable factfinder to find all of the elements of the prima facie case. Blunt, 767 F.3d at 265.

A. Deliberate Indifference or Denial of a Serious Medical Condition

---

[1] Although Williams does not address it in his notice of appeal, we have reviewed and agree with the Magistrate Judge's first order dismissing Williams' excessive force, unconstitutional conditions of confinement, and due process claims. See Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (stating dismissal for failure to state a claim is reviewed de novo). Williams merely complained of being pushed or shoved without a resulting injury, which "almost certainly fails to state a valid excessive force claim." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010). Williams' due process claim relates to rejection of a grievance; allegations of improprieties in handling a prisoner's grievance do not state a cognizable § 1983 claim. See Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases). Williams' unconstitutional confinement claim was based on exposure to swinging cabinet doors with protruding metal, which simply does not state a claim for the deprivation of the "minimal civilized measure of life's necessities" sufficient to support the basis of an Eighth Amendment violation. See Tillman v.

Williams alleges that Defendants were deliberately indifferent to his recurring seizures when they refused to treat him and denied the sick call slips, request slips, and grievances he submitted during November and December 2014, in compliance with prison procedure. It is undisputed that Williams' history of seizures, which began in 1997, was noted in his transfer forms to SCI Greene in November 2013, and that on January 27 and 28, 2014, he experienced a seizure, filed a sick call slip, and was attended to by medical personnel.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's prohibition on unnecessary and wanton infliction of pain. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Prison authorities are liable where they "deny reasonable requests for medical treatment . . . and such denial exposes the inmate to undue suffering or the threat of tangible residual injury," or if they intentionally refuse to provide for a known need for medical care. Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). "Deliberate indifference is also evident where prison officials erect arbitrary and burdensome procedures that result in interminable delays and outright denials of medical care to suffering inmates." Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (internal quotations omitted). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth

Lebanon Cty. Corr. Facility, 221 F.3d 410, 418 (3d Cir. 2000).

4

Amendment scienter requirement of deliberate indifference." Spruill, 372 F.3d at 236; see also Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) (holding that non-physician defendants were not deliberately indifferent for failing to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor).

In support of his claim, Williams first alleges that he submitted sick call slips on three occasions – December 4, December 12, and December 19, 2013 – stating he experienced seizures and that he did not receive medical treatment. See R. Doc. 30, Exhibit 16. Defendants submit sick call logs from the days following Williams' alleged submissions; Williams' name does not appear on the sick call logs, meaning he either refused to be seen by medical staff or fabricated the submissions after the fact. Furthermore, Defendants include other submissions from Williams from around the same time, along with sick call logs which show his name and indicate he actually submitted other sick call requests, signed in, and was seen by medical staff. Williams did not mentions seizures at these appointments. Williams' "mere allegations" that he actually submitted these sick call slips and was denied attention are insufficient to raise a genuine issue of material fact on this ground. See Blunt, 767 F.3d at 265.

Williams also submitted three request slips that detail seizures in support of his deliberate indifference claim. See R. Doc. 30, Exhibit 27. The first request merely states he is an epileptic who experiences seizures, and requests the metal cabinets in his cell be removed because they are health hazards. The latter two requests describe a seizure on December 4, 2013, and request medication and that the cabinet be removed or replaced.

However, removing a cabinet is not "medical treatment" that would subject an inmate to undue suffering or tangible injury. See Spruill, 372 F.3d at 235. Furthermore, these requests were submitted to prison administrators, not medical personnel, and the denials show that Defendants checked the sick call log before denying Williams' request to verify that he was not seen by medical staff. Therefore, Defendants – all non-medical personnel – should not be charged with the Eighth Amendment scienter requirement of deliberate indifference because Williams has not shown that Defendants had "a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." See id. at 236. Accordingly, Williams' request slips are also insufficient to raise a genuine issue of material fact on this ground. See Blunt, 767 F.3d at 265.

Finally, to support his claim of deliberate indifference, Williams submitted a grievance he filed on December 24, 2013, alleging he suffered a seizure, his sick call slip went unanswered, and he needed to resume taking medication. R. Doc. 30, Exhibit 20. Defendants submit sick call logs which reveal Williams was seen by medical personnel during the time that forms the basis of the complaint, and made no mention of seizures. Where Williams was receiving treatment for other issues, non-medical prison staff should not be considered deliberately indifferent for failing to respond directly to the medical complaints of a prisoner. See Durmer, 991 F.2d at 69. Furthermore, the outcome of Williams' grievance is not determinative of the underlying issue of whether prison officials were deliberately indifferent to his alleged serious medical needs. Therefore, no

6

genuine issue of material fact exists regarding Defendants' deliberate indifference to Williams' serious medical needs, and summary judgment on this issue was proper.

B. Retaliation

Williams asserts three instances of retaliation: (1) excessive force was applied against him in retaliation for filing previous grievances; (2) after filing a grievance concerning the alleged excessive force, he was given a misconduct because prison staff said he lied about the basis of the grievance – which he alleges was a false and merely retaliatory determination; and (3) he was denied adequate access to the law library in retaliation for filing the grievance. In order to prevail on a retaliation claim, a plaintiff must show that he engaged in constitutionally protected conduct, prison officials took an adverse action against him, and there is a causal connection between the exercise of his constitutional rights and the adverse action. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

Williams first alleges that Officer Sumey used excessive force when escorting him out of his cell and to the shower in retaliation for filing grievances. Viewing the video evidence submitted in support of summary judgment in the light most favorable to Williams, it is apparent that Officer Sumey merely escorted Williams to and from the shower; the video is devoid of any evidence of excessive force. Therefore, Williams has not presented "evidence sufficient to convince a reasonable factfinder to find all of the elements of [the] prima facie case." Blunt, 767 F.3d at 265. Accordingly, no genuine factual issue exists and summary judgment was properly granted as to this claim.

7

Next, prison staff issued Williams a misconduct for lying to an employee based upon the false claim of abuse against Officer Sumey. Williams alleges both that this was merely as retaliation for filing the grievance, and that the misconduct was false because the abuse claim was legitimate. As discussed above, the video shows no evidence of excessive force. Therefore, Williams' contention that the misconduct was false is a mere allegation without any support and creates no genuine issue of material fact.

In addition, a legitimate misconduct for lying to prison staff is not retaliatory, and a misconduct report is legitimate so long as it is issued for "reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334. In evaluating the legitimacy of a misconduct report, this Court considers "the quantum of evidence of the misconduct to determine whether the prison officials' decision to discipline an inmate for his violations of prison policy was within the broad discretion we must afford them." Watson v. Rozum, 834 F.3d 417, 426 (3d Cir. 2016). A finding of misconduct must include "a meaningful written statement of the evidence relied on and the reasons for the action taken." Dyson v. Kocik, 689 F.2d 466, 467 (3d Cir. 1982).

Here, the misconduct conviction is supported by a written statement of the evidence relied on in concluding that Williams lied in submitting the grievance. Furthermore, issuing a misconduct report based upon filing a false grievance is reasonably related to the legitimate penological interest of discouraging the filing of false or facetious grievances. Therefore, Defendants have satisfied their burden of presenting a

8

"quantum of evidence" of misconduct.[2]  See Watson, 834 F.3d at 426.  Accordingly, the misconduct was legitimate and not retaliatory, and summary judgment was properly granted as to this claim.

Finally, Williams asserts that he was denied adequate use of the law library in retaliation for filing the grievance against Officer Sumey, and that he is unable to bring the materials he requires with him to the library, since he cannot carry them while his hands are restrained during transport.  Defendants assert Williams did not suffer the adverse action of denial of the law library, and submit a record of Williams' library use to support their claim that he received all the library time he was entitled to – two hours per week – during the time period at issue.  R. Doc. 30, Exhibit 9.  Williams provides nothing to support his claim that he is entitled to additional library time, and appears confused as to the appropriate amount of library time he is entitled to.  Defendants provide affidavits stating prison procedure allows for at least two hours of library time per week, and up to six, conditions permitting.  Williams has not come forward with "evidence sufficient to convince a reasonable factfinder to find all of the elements of [the] prima facie case"; rather, he relies on mere allegations, which is insufficient.  See Blunt, 767 F.3d at 265 (internal quotations omitted).  Accordingly, because Williams cannot establish the

---

[2] We recently clarified that this Circuit follows the "quantum of evidence" standard, as opposed to the "some evidence" standard used by the Eighth Circuit.  See Watson, 834 F.3d at 426-30 (Ambro, J., concurring) (discussing Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994) and other cases).  Under this standard, our conclusion is supported by the record.  See Kossler, 564 F.3d at 186.

existence of an essential element of its case on which it will he bear the burden of proof at trial, no genuine factual issue exists and summary judgment is proper.  See Lauren W., 480 F.3d at 266.

C. Negligence Claims under Pennsylvania State Law

In light of the above, the remaining negligence claims under Pennsylvania state law were properly remanded to state court.  See 28 U.S.C. § 1367(c)(3); Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988) ("a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate"); Shaffer v. Bd. of Sch. Dir. of Albert Gallatin Area Sch. Dist., 730 F.2d 910, 912 (3d Cir. 1984) ("pendent jurisdiction should be declined where the federal claims are no longer viable") (citations omitted).

For the foregoing reasons, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.